JOHN SARTAIN AND ANOTHER v. JOEL HAMILTON.

Where the judgment had been affirmed on appeal by the defendant, it was held that his sureties in a sequestration replevy bond might, nevertheless, prosecute their writ of error to the judgment so far as it affected them.

Action for the recovery of land; sequestration; replevy by the plaintiff; judgment for the plaintiff against his sureties in the replevy bond, for the value of the use and occupation; defendant appealed; judgment affirmed; sureties prosecuted this writ of error; *Held:* That it was error to render judgment against the sureties, for the value of the use and occupation, without joining the principal; and *Held*, also, That the judgment could not now be reformed, so as to include the principal.

Error from Rusk.   Joel Hamilton brought suit in trespass to try title to land, and for damages for the rents and profits, against James R. Sartain.   After the institution of the suit, Hamilton applied for and obtained a writ of sequestration. James R. Sartain executed a bond to retain possession of the land, with the plaintiffs in error as securities.   During the progress of the suit, the defendant, James R. Sartain, died, and John F. Sartain became his administrator, and made himself a party defendant.   At the trial, judgment was rendered against the administrator, for the recovery of the land and costs of suit; and judgment was rendered against the sureties in the replevy bond, for the sum of ninety dollars, for the use and occupation of the land recovered; but for this amount of damages, there was no judgment against the administrator.   This judgment against the sureties (the plaintiffs in error) is now sought to be reversed.   The administrator appealed from the judgment against him for the recovery of the land, which judgment was sustained at the last Term of this Court.

*M. Casey*, for plaintiffs in error.

Sartain v. Hamilton.

HEMPHILL, CH. J.   There is no doubt that the judgment against the sureties on the replevy bond is distinct and independent of that against the defendant in the main action, and that they are entitled to prosecute their writ of error, as to the judgment against them, notwithstanding the previous affirmance of the judgment in the principal action against the defendant. (Cheatham v. Riddle, 8 Tex. R. 162.)   And there is as little doubt, that the judgment against the sureties, who are plaintiffs in error, has been erroneously entered.   The Statute (Hart. Dig. Art. 2896) provides "that if the property sequestered be "real property, the condition of said bond shall be that he will "not injure said property, and that he will restore the fruits "and revenues produced by the same, or pay their value, in "case he shall be condemned so to do, and in case the suit is "decided against the defendant, final judgment shall be entered "against all the obligors in such bond, jointly and severally."

The verdict in this case was, that the plaintiff should recover the land and also ninety dollars for the use and occupation. But the judgment against defendant was only for the land, no judgment being entered against him for the ninety dollars, found by the jury, for the rent and use of the premises.   The judgment for these ninety dollars, was that entered against the sureties in the replevy bond.   This was error.   The liability of the sureties depended upon the principal being condemned or adjudged to pay for the fruits and revenues.   There was no such judgment against the principal, and consequently none could be given against the sureties.

The Statute requires, the suit being decided against defendant, judgment shall be entered against all the obligors in the bond, jointly and severally.

The judgment being against the sureties alone, the question is, whether it can now be reformed and entered against the principal and sureties in the bond, and we are of opinion that it cannot.   The defendant appealed at the last Term of this Court, and the plaintiff, if dissatisfied with the judgment, should have filed his cross appeal, or at least suggested the error

which was apparent in the entry of the judgment. This he failed to do, and judgment against the defendant was in all things affirmed. This we cannot now revise. It would be a most inconvenient practice, if parties were not required to file their cross appeals, or writs of error, together; so that the matters in controversy may be adjudicated in one appeal. If the judgment against the defendant could now be reformed, at the instance of the sureties, but for the benefit of the plaintiff, it might be corrected on a writ of error brought by the plaintiff himself; and this, as we have before said, would lead to intolerable vexation and delay.

The judgment against the sureties is but subsidiary to that against the defendant, who is the principal in the bond. It might have been entered against them all jointly, but it was essential that the principal should be included in the judgment; otherwise there was no foundation for judgment against the sureties. This case shows the hardship of judgment being entered against the sureties. The defendant is an administrator, and there being no judgment against him, none can be certified to the Probate Court, to be paid in the due course of administration. So that the plaintiff, if he would, could not have recourse against the estate of the principal; and if the judgment be paid by the sureties, it would be exceedingly questionable whether they could recover from the estate, there being no judgment against the administrator.

It is ordered that judgment against the plaintiffs in error, as sureties in the replevy bond, for the sum of ninety dollars, be and the same is hereby reversed.

Judgment reversed.