Heynemann *v.* Eder.

## HEYNEMANN *et al. v.* EDER *et als.*

WHERE the Sheriff, under a writ of attachment in the suit of plaintiff against D. M. Eder and P. M. Eder, as the firm of D. M. Eder & Co., is about to levy upon the property of said firm, and a bond is executed by L. and J., as sureties, conditioned to keep harmless and indemnify the Sheriff against all damages, costs, charges, trouble and expense he may be put to by reason of the nonseizure of the property, and also "to pay whatever judgment may be rendered against said defendants;" and judgment was obtained against *one only* of the defendants—plaintiff failing on the trial to prove the other to be a partner: *Held*, that the sureties are liable on the bond for the amount of the judgment; that the bond, though not strictly an undertaking under the statute, conforms substantially to its requirements, and must be read by the light of the statute and interpreted according to the intention of the parties.

Such bond will be presumed to have been executed with reference to the provisions of the statute; and as the security required by the statute is a security for the satisfaction of any judgment that may be obtained, the bond will be held to be such

a security. This is the sense of the instrument, and the fact that judgment was obtained against one only of the defendants, satisfies the condition to "pay whatever judgment may be rendered against said defendants."

APPEAL from the Fourth District.

Plaintiffs brought suit by attachment against D. M. Eder and P. M. Eder, alleged in the complaint to compose the firm of D. M. Eder & Co. Under the writ, the Sheriff seized the stock of goods in the store of the firm as their property. The two Eders and defendants Loryea & Jacobs then executed the bond set out in the opinion of this Court, and thereupon the property was released and restored to the firm. On the trial of that suit, plaintiffs were unable to show that P. M. Eder was a member of the firm of D. M. Eder & Co.; and he having denied the fact, judgment was rendered against D. M. Eder alone, and in favor of P. M. Eder for his costs. Execution having been issued on the judgment and returned *nulla bona,* the bond was assigned by the Sheriff to plaintiffs, and the present action brought thereon against the two Eders, Loryea and Jacobs the sureties. Loryea only was served with summons, and demurs to the complaint on the grounds—1st, that it does not state facts sufficient to constitute a cause of action; 2d, that defendant is not liable on the alleged bond; 3d, that it does not appear that judgment was rendered in favor of plaintiffs against D. M. Eder & Co. and P. M. Eder, and that plaintiff has no cause of action on the alleged bond until a joint judgment is recovered against them. Demurrer overruled, and answer being filed, the case was tried, defendant relying mainly upon the point that plaintiffs had no judgment against both the Eders, and that hence there was no breach of the bond. The Court instructed the jury to find for plaintiffs. Verdict and judgment accordingly.

Defendant appeals.

*Hereford & Long,* for Appellants.

*H. J. Labatt,* for Respondents, cited 6 Bennett, (Missouri) 308; *Seacord* v. *Morgan,* 17 How. Pr. 394; *Butler* v. *Wigge,* 1 Saunders, 65; *Swain* v. *Graves,* 8 Cal. 549; *Kissling* v. *Turner,* 5 Barn. & Ald. 261; 1 Term. 291; 3 Zabriskie, 158.

*J. B. Harmon*, also for Respondents.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This is an action upon a bond, in the following form:

"Know all men by these presents, that we, D. M. Eder & Co., and Jos. Loryea and M. Jacobs, as sureties, of the county of Trinity and State of California, are held and firmly bound unto the Sheriff of Trinity county aforesaid, John B. May, in the sum of one thousand dollars, to be paid to the said John B. May, or to his successors in office, to which payment, well and truly to be made, we bind ourselves, our heirs and assigns, jointly and severally, firmly by these presents, sealed with our seals and dated this twenty-fourth day of December, 1857.

"Whereas, the said John B. May, Sheriff as aforesaid, by virtue of an attachment issued out of and under the seal of the Twelfth Judicial District Court, in the county of San Francisco, against D. M. Eder and P. M. Eder, firm of D. M. Eder & Co., for the sum of $563.75, interest and costs, is about to seize or levy the same upon the property of the said D. M. Eder & Co. and P. M. Eder, with intent to hold the same to satisfy any judgment that may hereafter be obtained in said Court, in an action commenced Dec. 10th, 1857, by Leonard Heynemann and Morris Pick, composing the firm of Heynemann, Pick & Co., against D. M. Eder and P. M. Eder, composing the firm of D. M. Eder & Co., for the sum of $563.75, interest and costs, as aforesaid.

"Now, therefore, the consideration of this obligation is such, that if the said defendants D. M. Eder *et al.* shall in all time hereafter keep the said John B. May, Sheriff, harmless and indemnified of, from and against all damages, costs, charges, trouble and expense of whatsoever nature which he may be put to by reason of the non-seizure of said defendants' property, and that they will pay whatever judgment may be rendered against said defendants in said cause, beside costs, etc., then the bond to be void; otherwise, in full force and effect in law."

We are inclined to the opinion that the provision of this bond for

the indemnity of the Sheriff is void from public policy, but it is unnecessary to decide this point. The provision for the payment of any judgment which might afterwards be recovered against the defendants in the attachment is not subject to this objection, and to that extent the bond is a valid and binding obligation. But no judgment was recovered against one of the defendants, and it is contended that the condition of the bond has not, therefore, been violated. This position, we think, is untenable. The bond, in this particular, conforms substantially to the requirements of the statute, and the fair presumption is that it was executed with reference to the statutory provisions upon the subject. Though not strictly an undertaking such as is contemplated by the statute, we think it should be construed in the same manner. Of course the obligors cannot be held beyond the terms of their agreement, but this agreement must be read by the light of the statute, and interpreted according to the meaning and intention of the parties. The security required by the statute is a security for the satisfaction of any judgment that may be recovered, and we do not see that any principle of construction is violated in holding that such is the character of the security in this case. This is undoubtedly the sense of the instrument, and the argument in favor of a different construction rests upon a mere verbal criticism. The case of *Hood* v. *Mathis* (21 Mo. 308) is directly in point.

Judgment affirmed.