WILLIAM T. WAY *vs.* CHARLES F. MURPHY & another.

Suffolk.    January 20, 1897. — May 22, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Bond to dissolve an Attachment.*

In an action against the sureties on a bond to dissolve an attachment, even. if it is assumed that the contention of the defendants is correct that they only agreed, so far as the principal is concerned, to pay such judgment as might be recovered against it as an unincorporated association of individuals, and the only judgment recovered was against it as a corporation; yet that does not relieve them, if they also agreed to pay such judgment as might be rendered against either or both of them, and in the action to which the bond refers judgment was rendered against both as well as against the principal, and no part of it has been paid.

CONTRACT, on a bond dated March 13, 1895, executed by the Allston Real Estate Company, an unincorporated association of individuals, as principal, and Charles F. Murphy and Joseph Lewenberg, as sureties.    The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon agreed facts, the nature of which appears in the opinion.

*G. R. Swasey, (M. P. Spillane* with him,) for the defendants. *J. W. Keith,* for the plaintiff.

MORTON, J.　This is an action against the defendants as sureties on a bond given to the plaintiff by " the Allston Real Estate Company, an unincorporated association of individuals," to dissolve an attachment.　The suit in which the bond was given is described in the bond as brought by the plaintiff against " said Allston Real Estate Company, Samuel Hano, and James F. Mullen," and the date of the writ, the court to which it was returnable, the names of the parties, and other particulars are given, so that there can be no doubt what action was referred to, and for aught that appears the attachment in the action thus referred to was dissolved by the bond.

The defendants contend that they agreed by the bond to pay any judgment which might be rendered against the Allston Real Estate Company as an unincorporated association of individuals if the company did not pay it within thirty days, and that no judgment was rendered against it as an unincorporated association of individuals, but only as a corporation, and therefore they are not liable.　Their contention is in substance that this was the only liability which they assumed.　But we think that the bond sets forth an obligation on their part to do more than that.　They agreed that, " if the above bounden Allston Real Estate Company shall pay to the plaintiff in said action the amount, if any, that he may recover therein within thirty days after the final judgment in said action from said Allston Real Estate Company, Mullen, or Hano, . . . then the above written obligation shall be null and void ; otherwise, to remain in full force and virtue."　And the same language is repeated later in the bond, in connection with the entry of any special judgment.　That is, granting that the contention of the defendants is right, that they only agreed, so far as the Allston Real Estate Company is concerned, to pay such judgment as might be recovered against it as an unincorporated association of individuals, and that no such judgment has been recovered against it, that does not relieve them, because they not only agreed to pay any judgment that might be rendered against the Allston Real Estate Company, but also such judgment as might be rendered against Mullen or Hano, or both, and it is agreed that in the action to which the

bond refers judgment was rendered against Mullen and Hano, as well as against the Allston Real Estate Company, and that no part of it has been paid. The defendants are liable, therefore, according to the express terms of the bond.

It is possible that the parties intended to bind themselves to pay only such judgment as might be recovered against the company, and counsel for both parties have argued as if that were so, but we must take the instrument as we find it.

It is not contended that the bond was not so executed as to bind the company as an unincorporated association, and the objection has not been taken that the principal should have been joined. *Tapley* v. *Goodsell*, 122 Mass. 176, 181.

It is plain that the Allston Real Estate Company as an unincorporated association and the defendants could bind themselves, in consideration of the release of an attachment on the property of other parties, to pay such judgment as might be rendered against such parties or any of them.

*Judgment for the plaintiff for the penal sum of the bond affirmed.*