W. M. McFarlane et al. v. J. B. Howell, County Judge.

No. 574.—Decided November 15, 1897.

**1.   Appeal Bond—Joint Bond—Reversal as to One.**

When a joint appeal bond is given by several appellants the undertaking is several as to each of the principals, and the sureties are liable accordingly, although the judgment is rendered against some but not all of their principals on appeal. (Pp. 220, 221.)

**2.   Same.**

From a judgment against a principal and two sureties on an official bond all three appealed, giving a joint appeal bond thereon. Upon affirmance of this judgment as to the principal and reversal as to the sureties on his official bond, it was proper to render judgment against the sureties on the joint appeal bond. (Pp. 219, 221.)

Question certified from Court of Civil Appeals for First District, in an appeal from Jasper County.

*W. B. Powell*, for appellant McFarlane and sureties Adams and Hart.—The court erred in holding and rendering judgment against W. J. B. Adams and N. M. Hart as sureties on the supersedeas bond of W. M. McFarlane, W. C. Price, and G. W. Smyth, who were all principals in said bond, when it reversed and remanded the cause as to Smyth and Price and affirmed as to McFarlane alone: (1) Because such a bond is joint and not several and cannot be made a several bond as to principals.   (2) Because the sureties have a right to look to the solvency and character of their principals when requested to go on bonds, and the solvency of the principal in bonds of this kind is the greatest incentive or inducement to accede to or perform the unpleasant task of becoming surety for another.   McFarlane being a defaulter the sureties relied more strongly, if not altogether, upon the other two principals, Smyth and Price, for their protection, which was the intention of all parties, and to release them by such a judgment is to do violence both to the legal effect of said bond as well as to the intention of the parties thereto. (3) Because the judgment rendered by affirmation against W. M. McFarlane in this court, is not the judgment from which appellants appealed and for which they agreed to answer.   This suit was against W. M. McFarlane and his sureties on his official bond and for a breach thereof.

The court erred in holding the sureties on supersedeas bond, W. J. B. Adams and N. M. Hart, liable on a judgment against W. M. McFarlane alone: (1) Because the obligation in said bond is, if the said McFarlane, G. W. Smyth and W. C. Price shall prosecute their appeal with effect (Blair v. Sanborn, 82 Texas, 686) and in case the judgment of the Supreme Court or of the Court of Civil Appeals shall be against them they shall perform its judgment, sentence or decree and pay all such damages as said court may award against them (not him, McFarlane) then this obligation shall become null and void.   (2) Be-

cause it puts this cause in the Supreme Court or Court of Civil Appeals with the final judgment as to one-third of the defendants below, while at the same time the other two-thirds of defendants are in the trial court litigating the same action to be determined by the Supreme Court if this motion is overruled and writ of error granted in behalf of or against the appellant, McFarlane, therein.

*Votaw & Chester*, for appellee.

GAINES, CHIEF JUSTICE.—The following question has been certified for our determination by the Court of Civil Appeals for the First Supreme Judicial District:

"Appellee, as County Judge of Jasper County for the use of the county, sued appellant McFarlane, as principal, and W. C. Price and G. W. Smyth, as sureties on an instrument in writing declared on as the official bond of McFarlane, given as treasurer of the county, for the security of the school fund, under art. 921, Rev. Stats., and payable to the County Judge of said county, to recover a sum of money belonging to such school fund, which it was alleged McFarlane had received after the execution of such bond and had failed at the expiration of his term of office to pay over to his successor or otherwise account for.

"The defendants pleaded a general denial, and specially that the bond sued on had never been delivered to, accepted or approved by the obligee, the County Judge, and hence was not the official bond of the treasurer. One of the sureties further pleaded that he had signed the bond and left it in the hands of McFarlane, with the understanding that it was not to be delivered to the County Judge until the signature of another solvent surety had been procured; that such signature had not been obtained, and that the County Judge knew of these facts when he had accepted the bond, if in fact he had ever done so. This special defense was stricken out on exceptions and the case was tried on the other issues, and judgment was rendered in favor of plaintiff, that plaintiff recover of W. M. McFarlane, W. C. Price and G. W. Smyth the sum of twenty-three hundred and sixty-four and 48/100 dollars with interest, etc., for all of which let execution issue.

"The defendants filed a joint motion for a new trial, gave notice of appeal, and in due time to perfect it executed and filed the following appeal bond:

'J. B. Howell, for use of Jasper County,⎫    In District Court,
'No. 882.        v.                                      ⎬  Jasper County, Texas,
'Wm. M. McFarlane, et al.                        ⎭    March Term, 1896.

'Know all men by these presents that we, Wm. M. McFarlane and W. C. Price and G. W. Smyth, as principals, and W. J. B. Adams and N. M. Hart and ———— as sureties, acknowledge ourselves to owe and be indebted to J. B. Howell for the use of Jasper County, in the sum of Five Thousand Dollars, for the payment of which sum well and

truly to be made, we bind ourselves, our heirs, executors and administrators, jointly and severally firmly by these presents:

'The condition of the above obligation is such, that whereas on the 5th day of March, 1896, in the District Court of Jasper County, Texas, in the above styled and numbered cause, J. B. Howell, County Judge of Jasper County, for the use of Jasper County, recovered a judgment against Wm. M. McFarlane, W. C. Price and G. W. Smyth for the sum of Twenty Three Hundred and Sixty-four and $\frac{42}{100}$ Dollars, with interest thereon from date at the rate of six per cent per annum, and all costs of suit; and whereas on the 7th day of March, 1896, upon the overruling of their motion for a new trial by the court, the said Wm. M. McFarlane, W. C. Price and G. W. Smyth in open court gave notice of appeal to the Court of Civil Appeals of the First Supreme Judicial District of Texas; now therefore, if the said Wm. M. McFarlane, W. C. Price and G. W. Smyth shall prosecute their appeal with effect and, in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against them, they shall perform its judgment sentence or decree and pay all such damages as said court may award against them, then this obligation shall become null and void, otherwise to remain in full force and effect.

'In testimony whereof we hereunto sign our names on this the 31st day of March, 1896.

'Approved this April 3, 1896,
  'H. A. Pace, D. C. J. C.

'Wm. M. McFarlane,
'W. C. Price,
'G. W. Smyth, Principals.
'W. J. B. Adams,
'N. M. Hart, Sureties.'

"On this appeal this court reversed the judgment against Price and Smyth upon rulings of the court below affecting the only issue as to the validity of the bond sued on, but held that, inasmuch as the pleadings and evidence showed McFarlane's liability independently and regardless of the bond, the judgment against him should be affirmed, and accordingly judgment was entered affirming judgment of the District Court as to McFarlane and reversing it and remanding the cause for a new trial of the issues upon which the validity of the bond and the liability of the sureties on it depended. The judgment of this court was entered not only against McFarlane but against Adams and Hart, sureties on the appeal bond, for the sum adjudged below and all costs of appeal.

"McFarlane, Hart and Adams now move for a rehearing, and among the grounds urged is, that there is error in the judgment against such sureties, and in this way the question certified has arisen, and the decision of such motion depends upon it.

"The question is, therefore, certified to the Hon. Supreme Court for decision, viz: Are the sureties on the appeal bond bound and was it proper to render judgment against them for the sum adjudged against

McFarlane in the court below, and for costs, after the reversal of the judgment against the sureties on the bond sued upon?"

We are of the opinion, that judgment was properly rendered against the sureties on the appeal bond. "Where a joint appeal bond is given by several appellants, the undertaking of the sureties is several as to each one of the principals, and such sureties are liable accordingly although the judgment is rendered against a portion only on appeal." 1 Ency. Pl. & Pr., 1014. The text quoted is sustained by the following cases cited in its support: Seacord v. Morgan, 3 Keyes (N. Y.), 636; Burrall v. DeGroot, 1 Bosw. (N. Y.), 637; Ives v. Hulce, 17 Ill. App., 35; see also Neff v. Edwards, 81 Ala., 247. The rule may not apply in a case in which the judgment appealed is founded upon a liability joint merely and not joint and several, provided the law of the jurisdiction requires a joint judgment against all the original defendants. But it would seem that in such a case the question could not arise, for there a reversal of the judgment as to one defendant would reverse it as to all. In this State, however, all joint obligors need not be sued, and a judgment may be taken against one or more without taking it against all. Miller v. Sullivan, 89 Texas, 480; Hinchman v. Riggins, 1 White & W. App. Civ. Cas., sec. 295. Each party to a suit against whom a judgment is rendered who desires to supersede the judgment is required to give an appeal bond; and each may give a separate bond; and, while they may give a joint bond, we are of opinion that it was never intended that by doing so either they or their sureties could change their liability in the appellate court.

We answer the question in the affirmative and our opinion will be so certified.