# OCTOBER, 1908.

ADELAIDE WANDELOHR ET AL. V. GRAYSON COUNTY NATIONAL
BANK ET AL.

No. 1816.  Decided April 8—October 21, 1908.

**1.—Sequestration—Replevin—Sureties for Two Principals—Judgment against One.**

Sureties upon a replevin bond for sequestered real property given by two principals may properly have judgment rendered against them for rents on a recovery against one of the principals only; but if both principals were liable the sureties have a right to demand that the judgment for which they are also liable be rendered against both; judgment against one only is, in such case, erroneous as to the sureties held to answer for it; and they may prosecute writ of error for its correction.  (P. 24.)

**2.—Same—Appeal—Writ of Error.**

Sureties complaining that judgment against them was erroneous because taken against only one of their principals where both were liable, may prosecute writ of error though the judgment as to the principals has been affirmed on certificate on an appeal by such principals in which such sureties did not join. (P. 24.)

**3.—Same—Case Stated.**

A married woman, joined *pro forma* by her husband, executed a replevin bond for real estate which had been sequestered by the adverse parties in a suit over the title.  Judgment going against her for the land and against her husband and the sureties for the rents collected by him while in possession under the bond, she alone gave notice of appeal, but the husband and the sureties joined her as principals on the appeal bond.  The judgment was affirmed on certificate as to all of them, but this was reversed on error as to the husband and the sureties in replevin, on the ground that they had not joined in the appeal. The husband and wife and the sureties then joined in bringing up the original judgment upon writ of error.  Held: that the wife was concluded as to all errors in the judgment as to her by the affirmance on certificate; that the husband, who was prosecuting error only in the right of his wife, was also concluded thereby; that the sureties were also concluded as to any error as to the rights of the wife; but as the failure to render judgment against the wife as well as the husband was an error prejudicial to the sureties, they were entitled to reversal of the judgment against them.  (Pp. 26, 28.)

Error to the Court of Civil Appeals for the Fifth District on writ of error from Grayson County.

*Galloway & Vowell* and *Don A. Bliss,* for plaintiff in error.—The judgment in this case against Paul Waples and Jot Gunter as sureties on the replevy bond being a summary judgment on the bond that could not be entered at all, except by virtue of the statute, and the statute authorizing a summary judgment on the bond requiring in unambiguous and mandatory terms that such judgment, if rendered at all, shall be entered against all the obligors in such bond jointly and severally, and both principals on the bond being in court and the verdict of the jury being against both principals, as well as the

sureties, the summary judgment of the trial court on the bond absolving the only solvent principal and being entered against the insolvent principal and the sureties on the bond for the rents, was erroneous. Revised Statutes, article 4876; Sartain v. Hamilton, 14 Texas, 348; DeWitt v. Dunn, 15 Texas, 108; Keller v. Corpus Christi, 50 Texas, 614; Robinson v. Schmidt, 48 Texas, 13; Mitchell v. Runkle, 25 Texas Supp., 132; Guilford v. Love, 49 Texas, 743; Hamilton v. Ward, 4 Texas, 360; Robbins v. Kimble, 2 Texas, 256; Thatcher v. Powell, 6 Wheat., 119; Garner v. Carroll, 15 Tenn. (7 Yerg.), 365; Garrett v. Eliff, 4 Humph. (Tenn.), 323; Frost v. Rucker, 4 Humph. (Tenn.), 57; Willard v. Ezalick, 31 Mich., 431; Houston v. Dougherty, 4 Humph. (Tenn.), 505; Rice v. Kirkman, 3 Humph. (Tenn.), 415; Price v. Cloud, 6 Ala., 248; Litler v. Horsey, 2 Ohio, 209; McCallion v. Hibernia Sav., etc., Asso., 98 Cal., 442; Combs v. Commonwealth, 71 S. W., 504; Hadley v. Bernero, 71 S. W., 451; Burton v. Platter, 4 C. C. A., 95, 10 U. S. App., 57; Dunn v. Bozarth, 90 N. W., 594; Walker v. Walker, 42 Ga., 141; Tyler v. Davis, 63 Miss., 345; Woolfolk v. Ingram, 53 Ala., 11; Gunn v. Howell, 27 Ala., 675; Friedenwald v. Shipley, 74 Md., 220; Sutherland on Statutory Construction, sections 391, 392, 393, 394, 399, and authorities cited in notes; 2 Brandt on Suretyship, section 784 and authorities there cited; 4 Cyc., page 699.

Even if the judgment of the trial court in this case had been rendered in a suit on the bond, instead of being a summary judgment under the statute, under the facts in this case and under the law as set forth in article 1203 of the Revised Statutes the judgment of the trial court against Jot Gunter and Paul Waples, the sureties on the replevy bond, for the rents and at the same time absolving their principal, Adelaide Wandelohr, from liability for such rents was erroneous. Rev. Stats., arts. 1203, 1204, 1257, 1259.

The joinder of the husband, C. B. Wandelohr, in the replevy bond executed by her in order to protect the possession of land claimed by her in her own separate right, did not have the effect of preventing said bond from being her bond or from being binding upon her. Chapman v. Allen, 15 Texas, 278; Cayce v. Powell, 20 Texas, 768; Urquhart v. Womack, 53 Texas, 616; Ryan v. Ryan, 61 Texas, 473; Childress v. Taylor, 33 Ala., 185; DeGruy v. Aiken, 43 La. Ann., 798; Barnabe v. Snaer, 16 La. Ann., 84; Nolasco v. Lurty, 13 La. Ann., 100; Allen v. Landeth, 7 La. Ann., 650; Wood v. Wall, 5 La. Ann., 179.

The action of the defendant in error bank in procuring to be rendered a judgment on the replevy bond absolving the only solvent principal thereon from all liability, but against the sureties thereon for the rents, and in procuring said judgment absolving said principal to be affirmed on certificate as to said principal, had the effect of releasing and discharging the sureties on said bond from all liability thereon. McIlhenny Co. v. Blum, 68 Texas, 197; Bridge v. Phillips, 17 Texas, 128; Gill v. Morris, 11 Heisk. (58 Tenn.), 614; 2 Am. Lead. Cas., p. 440; Montgomery v. Sayre, 100 Cal., 182; Harris v. Taylor, 35 Tenn., 536; Hill v. McKenzie, 39 Ala., 314; State Bank v. Fowler, 32 Ark., 112; U. S. v. Matoon, 5 Mackey

(D. C., 565); Michener v. Springfield, etc., Co., 142 Ind., 130; Ames. v. McClay, 14 Iowa, 281; Renhert v. Elliott, 11 Lea, (79 Tenn.), 235; Thomas v. Wilson, 6 Blackf. (Ind.), 203; Tyler v. Davis, 63 Miss., 345; 24 A. & E. En. Law, p. 542; Thompson v. Chaffee, 39 Texas Civ. App., 567; Stevens v. Carroll, 105 N. W., 653; Baker v. Merriam, 97 Ind., 539; State v. Blake, 2 Ohio St., 147; State v. Coste, 36 Mo., 437; 1 Brandt on Suretyship, sec. 183.

If it should be held by this court that the replevy bond was the bond of C. B. Wandelohr alone, and that he was the one who really replevied this property, still the suing out of a writ of error by him and the giving of the supersedeas bond had the effect to suspend the entire judgment as to him until this writ of error should be finally determined against him. Therefore the act of the defendant in error bank in ejecting, not only Adelaide Wandelohr, but him as well, from the possession of the property while this writ of error was still pending under a supersedeas bond, had the effect to absolutely discharge him as well as his sureties from all liability on the replevy bond. Fowler v. Stonum, 6 Texas, 60; Linard v. Crossland, 10 Texas, 462; Wooters v. Smith, 56 Texas, 198.

*A. L. Beaty,* for defendant in error.—The legal effect of the transaction was a replevy by C. B. Wandelohr, and a judgment against Adelaide Wandelohr for rents would have been erroneous, since she had not the capacity to bind herself or her separate estate in that respect. At any rate the sureties bound themselves to pay the judgment rendered against C. B. Wandelohr; since he was a defendant their obligation was statutory, and they are in no position to complain because the judgment did not also run against Adelaide Wandelohr as a principal.

If the court finds error in the record the reversal should be limited to the judgment of the Court of Civil Appeals for the Fifth District and the judgment of the District Court should be allowed to stand because it has been affirmed by the Court of Civil Appeals for the Third District and that affirmance is now final and conclusive. Wandelohr v. Rainey, 100 Texas, 471; Williams v. Wiley, 96 Texas, 148; Woeltz v. Woeltz, 93 Texas, 548; Cameron v. Cates, 22 Texas Civ. App., 577; Harris v. Zimmang, 29 S. W., 668.

The real question is simply whether in an undertaking where two principals are jointly and severally bound and sureties are obligated for both and each, the obligee may elect to hold one of the principals and the sureties, and not hold the other principal. In addition to the authorities cited by the court in the opinion I cite the following case as showing that it may be done and that this right is of the very essence and a distinguishing characteristic of such a bond. Reynolds v. Hurst, 18 W. Va., 648. See particularly the review of English cases at pages 655-656.

The judgment of the District Court exonerating Mrs. Wandelohr from liability on the bond, which judgment has never been set aside, but has been expressly affirmed to that extent, is a final and conclusive determination that she was not liable and concludes the sureties on that question.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

This cause has been before this court and the Courts of Civil Appeals in several shapes, and the nature and history of the litigation may be seen from the several reports: Wandelohr v. Rainey, 100 Texas, 471; Wandelohr v. Grayson County Bank, 90 S. W., 180; Wandelohr v. Grayson County Bank, 102 S. W., 746.

It is now before us again upon the writ of error taken out by C. B. and Adelaide Wandelohr and the sureties upon their replevy bond, Paul Waples and Jot Gunter, the transcript in which the Court of Civil Appeals was required by mandamus from this court to have filed and considered, as will appear from the opinion in Wandelohr v. Rainey, *supra.* Thereafter the Court of Civil Appeals decided the cause, holding that Mrs. Wandelohr was concluded by the judgment of affirmance on certificate, which appears from the report just referred to; that her husband had not prosecuted this writ of error nor assigned errors in his own right, but had merely joined his wife, *pro forma,* in order to assert her rights, and that the assignments complaining of errors of the trial court against her were therefore met by the judgment of affirmance; that the sureties, Waples and Gunter, could not be heard upon those assignments which complained only of rulings of the trial court affecting her rights in the litigation over the property; and that the only assignments of error which could be considered upon this complaint showed no error against them.

Practically all of these holdings are questioned in the application to this court for a writ of error, which is presented by Mrs. Wandelohr, by the representatives of C. B. Wandelohr and of Gunter, who have died since the writ of error to the Court of Civil Appeals was perfected, and by Waples, but we have reached the conclusion that all of them are correct. It surely needs no argument or citation of authority to sustain the proposition that the writ of error can not be prosecuted by or for Mrs. Wandelohr to reverse the judgment of the District Court after that judgment has been affirmed against her on appeal. As to C. B. Wandelohr, the judgment of affirmance on certificate against him, as well as against Waples and Gunter, was reversed by this court, as appears from its judgment, but not from the opinion referred to, and the judgment affirming that of the District Court was restricted to Mrs. Wandelohr. This was upon the ground that C. B. Wandelohr, Waples and Gunter had not, themselves, so perfected an appeal as to make them liable to have the judgment against them affirmed on certificate, that proceeding being available only against appellants.

The judgment of affirmance against Mrs. Wandelohr, therefore, does not operate as an absolute bar to a writ of error against any one but her, but it does preclude further inquiry as to her rights and as to the rulings of the trial court affecting them, whether such inquiry is invoked by her or by others attempting to assert her claims.

Upon examination of the petition and bond for writ of error and the assignment of errors filed in the District Court, it appears that C. B. Wandelohr merely joined his wife therein in order to prosecute

it in her behalf.· No assignments of error were made by him, those found in the record being made by Mrs. Wandelohr and by Waples and Gunter. The proceedings are so shaped that, excepting some matters affecting the sureties alone, they present only complaints based upon Mrs. Wandelohr's claims.

It is true, as urged, that the representatives of a plaintiff in error who dies pending the writ may thereafter prosecute it, but this is upon the assumption that he was, himself, prosecuting it in his own behalf. Wandelohr was not doing this, but was merely joining in the proceeding asserting the rights of his wife. When he died, his representatives, as such, had nothing to prosecute in behalf of his estate and all questions involved were concluded by the affirmance against her. The same course of reasoning disposes of much that is urged by the sureties. It is asserted that they may avail themselves of any errors committed against their principals in the trial which brought about the judgment against them. But this is not true. It may be admitted that there may be circumstances under which sureties, to protect themselves, will be allowed, upon proper application to the courts, to make defenses which the principals could make, but will not make. This is especially true in case of collusion between the principal and the adverse party. But the ordinary rule is that sureties upon a bond given to replevy property in a sequestration proceeding must leave the conduct of the litigation to, and abide by, the judgment rendered against the principal, for the reason that that is precisely what they undertake to do. Garner v. Burleson, 26 Texas, 348; Siddall v. Goggan, 68 Texas, 708. These sureties, as is usual and proper, have merely stood behind their principals, who were the parties to the litigation, relying upon the defenses made and the proceedings taken by them to prevent a final recovery of the property in controversy and for damages upon the bond. In this writ of error, except their complaints of some matters directly affecting them as sureties, which will be discussed later, they rely on assignments made by Mrs. Wandelohr questioning the correctness of the judgment against her. All such assignments are met by the judgment of affirmance, and, as she can no longer urge them, certainly they can not. The giving of such a bond can not ordinarily be allowed to have the effect of introducing new parties into the case to litigate · about the subject matter of the suit. Such litigation must be conducted by the parties thereto and the sureties obligate themselves to abide by its results to the extent defined by the bond. Nothing appears in this case to make an exception.

One of the objections which the sureties are entitled to make is that the judgment against them for rents is wrong for the reason that the same judgment was not rendered against Mrs. Wandelohr. This makes it necessary to consider the legal effect of the bond in which they were sureties. The suit was brought by the Wandelohrs as husband and wife to recover of the bank and others real estate alleged to be the separate property of Mrs. Wandelohr and the business homestead of her husband. The bank filed a cross action to recover the property, and sued out and caused to be levied upon it a writ of sequestration in consequence of which the bond in ques-

tion was given.   The following contains the material parts of the bond:

"Whereas, on the 11th day of June, 1904, in the foregoing styled and numbered cause, the Grayson County National Bank, one of the defendants in said cause, sued out and caused to be levied a writ of sequestration upon the following described land, to wit: [Description]:

"And, whereas, the value of said land as stated in the affidavit made by the said defendant to secure the issuance of said writ is the sum of six thousand eight hundred ($6,800) dollars:

"And, whereas, Adelaide Wandelohr, plaintiff in said cause, desires to replevy said property:

"Now, therefore, know all men by these presents, that we, the said Adelaide Wandelohr, joined by her husband, C. B. Wandelohr, as principals, and Jot Gunter and Paul Waples as sureties, do hereby acknowledge ourselves and each of us bound to pay to the said Grayson County National Bank, defendant as aforesaid, the sum of fourteen thousand ($14,000) dollars conditioned that the said Adelaide Wandelohr, joined by her husband, C. B. Wandelohr, and each of them, being plaintiffs in said suit but defendants in said sequestration proceeding, will not injure the said property, and that they and each of them will pay the value of the rents of the same in case they or either of them shall be condemned so to do."

At the trial the court instructed the jury that if they should find for the bank, they should also find against the sureties, Waples and Gunter, the sum of $1800 as rents of the property received by C. B. Wandelohr while it was held under the bond.   The jury returned a verdict in favor of the bank against the plaintiffs for the property and also for $1800 as rents "against the plaintiffs and Waples and Gunter as sureties."   The judgment was entered against Wandelohr and his wife for the property, but only against C. B. Wandelohr and Waples and Gunter for the rents.

Upon the authority of Sartain v. Hamilton, 14 Texas, 348, it is contended that judgment for rents could not lawfully go against the sureties unless it included the principal also, and that the present judgment can not now be corrected so as to include Mrs. Wandelohr, because it has been affirmed.   That case does hold both points with reference to a bond which had only one principal.   To make it completely applicable, it is contended that in this bond Mrs. Wandelohr was really the true and only principal, her husband only joining *pro forma*, but we can not so read it without ignoring its express provisions.   The suit and all of the appellate proceedings have been prosecuted in the assertion, mainly, of Mrs. Wandelohr's claim of title, and some of the recitals of the bond are as if it were intended to make her the only principal.   But the obligatory part of it and the condition expressly make both her and her husband principals and bind the parties that they and each of them shall perform the undertaking.   It is impossible to hold that C. B. Wandelohr is not made a principal, or that the sureties do not bind themselves to answer for his nonperformance of the things mentioned in the condition.   It may admit of serious question if the binding obligation

is not his alone, considering the facts that he, as husband, was a party to the action, had the right to prosecute it in behalf of his wife, to replevy the property and to manage and control it, and to receive and use its rents and revenues when replevied. It is not necessary now to consider whether or not a joint bond, given by husband and wife, under such circumstances, to replevy property claimed to belong to the wife in her separate right, makes the wife personally liable for rents received under it by the husband. We shall assume that this bond is a valid one with two principals, and the question then is, must there be a judgment against both before the sureties can be held liable. The case can not be treated as if the obligee of the bond had voluntarily released one of the principals. The judgment must be regarded as reflecting a decision of the District Court that Mrs. Wandelohr was not liable for the rents received, and the case is like others in which the obligee, prosecuting his rights against all the obligors in the bond, has failed to recover against one of the principals, but has recovered against the other. The authorities sustain the decision of the Court of Civil Appeals that such bonds bind the sureties to respond to judgments recovered against either principal.

In McFarlane v. Howell, 91 Texas, 218, the question arose upon a supersedeas appeal bond. A judgment was recovered in the District Court against a county treasurer and the sureties on his official bond. All joined in the appeal bond signed by sureties for all. In the Court of Civil Appeals the judgment was affirmed against the treasurer, but reversed in favor of the sureties on his bond. It was held that judgment in that court was properly rendered against the sureties on the appeal bond for the amount adjudged against the treasurer, for the reason that the obligation of the sureties was several, binding them to respond to the judgment rendered in the appeal, whether against all or only some of the principals. We are unable to distinguish that case, in principle, from this. Besides, we find that in other States the same view is taken of bonds given for the release of property taken under mesne process, such as a writ of sequestration. Gilmore v. Crowell, 67 Barb., 62; Heynemann v. Eder, 17 Cal., 433; Dalton v. Barnard, 150 Mass., 473; Way v. Murphy, 168 Mass., 472.

The statute (Rev. Stats., art. 4876) requires that judgment shall be entered upon the bond against all the obligors "jointly and severally." The case with which it expressly deals is the simple one in which there is one defendant, and the provision just cited assumes a case in which there is one principal obligor, and does not, in terms, declare what shall be done when there are more than one defendant replevying, and when less than all are found liable for rents. But it plainly indicates that the obligation of the bond is joint and several, and such bonds make the sureties liable for the default of each principal. By the statute as well as by the terms of the bond here in question the sureties are those of each principal. This is held by the decisions cited to be the effect of such bonds, even without language contained in them, or in the statute under which they are given, making them several as well as joint, and we find nothing

in the statutes under which they were rendered so differing from ours as to make the rule different.

By affidavits filed in the Court of Civil Appeals, it was made to appear that, after the return to the District Court of the mandate of this court showing the final affirmance of the judgment against Mrs. Wandelohr, the bank obtained possession of the property in controversy under process issued against her on that judgment. It is contended that, so long as this writ of error pended under the supersedeas bond given by C. B. Wandelohr, he and his representatives, after his death, were entitled to hold the property, and that the taking of possession by the bank released the sureties on the replevin bond. We need not determine how this would be if Wandelohr had in fact been prosecuting a writ of error for himself. As we have already seen, this writ of error was prosecuted only in right of Mrs. Wandelohr, and, after her claims were concluded by the judgment against her on appeal, the title and right of possession of the bank were finally established. The bank was, therefore, entitled to take possession under the judgment, and the sureties have no cause for complaint.

The other questions also were correctly disposed of by the Court of Civil Appeals, and need no further discussion.

*Affirmed.*

### ON MOTION FOR REHEARING

Opinion filed October 21, 1908.

The original opinion holds that the sureties, Waples and Gunter, are entitled to make the objection that the judgment for damages was not rendered against Mrs. Wandelohr. This proposition is correct and we have concluded that proper effect was not given to it in the disposition made of the case. It is true, as we held, that in such a proceeding judgment may properly be rendered upon a replevy bond to which the names of two persons are signed as principal obligors, against only one of them and against the sureties, when the other principal by reason of coverture is not legally bound. (Shipman v. Allee, 29 Texas, 17.) In such a case those only who are legally liable upon the bond are, in the true sense, obligors therein so as to fall within the statutory provision relied on by plaintiffs in error. And it may also be true that the decision of the trial court, for such a reason, that the discharged principal was not bound, would be conclusive on the sureties in any proceeding but an appellate one; but that proposition is not essential to this decision. This *is* an appellate proceeding, in which the holding of the trial court, that Mrs. Wandelohr was not liable on the bond, is assigned as an error committed against the sureties, and the question as to the *correctness* of that ruling is properly raised and must be decided in order to determine whether or not the judgment against the sureties is correct. If Mrs. Wandelohr *was* liable for the damages adjudged to the defendant in error, she was an obligor in the bond in the sense of the statute, and judgment against her was essential to a correct judgment against the sureties.

On reconsideration no doubt is entertained that the trial court

erred in holding that Mrs. Wandelohr was not liable. (Chapman v. Allen, 15 Texas, 285; Ryan v. Ryan, 61 Texas, 473; Cayce v. Powell, 20 Texas, 768.)

The fact that the husband is joined in an action can not justly be held to affect the power of the wife to execute such a bond or not as she or the two together may deem essential to the proper prosecution of her claims to the property involved. The statute authorizes the joinder, and when such a suit is prosecuted against husband and wife and property claimed by her is taken from the possession of both by sequestration, she is a defendant to whom the right to replevy is expressly given. Nor does the fact that the property may go back into the possession of the husband and that he may be entitled to receive the rents and profits while it is held under the replevy bond at all limit the right given to her by the statute. As is well argued by counsel, she has the right to execute the bond that the property may be restored to the custody and management in which the law places it; and there is no doubt in our minds that she may execute it jointly with her husband in a suit against both, as this one was, because the power results from the statute as an incident to her capacity to sue and be sued in the courts in respect of her separate property. Her power to give such obligations must be exercised at the commencement or during the pendency of the action, and, hence, can not be made to depend upon the final decision as to her title involved in the cause, for that would defeat the purpose of the bond, since, upon such a theory, it would be held valid in case of her success, which would in itself relieve her of liability, and invalid in case of her failure to maintain her title, the very case in which the bond is intended as a security to the opposite party. Her presence as a party in litigation about property claimed in her separate right constitutes the condition of things in which she is entitled to follow the procedure provided for litigants generally in like cases. It follows that the District Court should have rendered judgment against Mrs. Wandelohr for the damages found by the jury, and we think it also true that the failure to do so was error which entitles the sureties to a reversal.

It is unnecessary to determine whether or not a separate action could be maintained on the joint and several bond against Wandelohr and against Waples and Gunter, as being severally his sureties as well as jointly the sureties of himself and Mrs. Wandelohr. That proposition does not decide this case. Such a suit, if maintainable, would leave unimpaired the rights and remedies of both the obligee and of the sureties against the principal not sued. Here, under a statute requiring a judgment against all the obligors liable in the bond, and where all are parties, judgment is taken against one of the principals only, which has the effect of adjudicating that the other is not liable.

This was an error against the sureties as well as against the obligee in the bond. The latter has caused the judgment to be affirmed as between it and Mrs. Wandelohr, while the former, unaffected by that affirmance, are now complaining of the error. Following Sartain v. Hamilton, 14 Texas, 348, we must reverse the

judgment against the sureties and adjudge that the defendant in error, the bank, take nothing against them. Otherwise the judgment is affirmed.

*Affirmed in part, reversed and rendered in part.*