**BIBLE et al. v. SHELTON. (No. 6450.)**

(Court of Civil Appeals of Texas. Austin. June 14, 1922. Rehearing Denied Nov. 15, 1922.)

1. **Sequestration ⊜⇒20—Allowing rental value for entire year on bond covering only part thereof held error.**

In an action to recover possession of land and damages, allowing recovery against a surety on a replevy bond given by the defendant to recover the property which was sequestered by the plaintiff for the entire rental value of the premises for the year 1920, where the bond was executed and approved February 13, 1920, was error, since the surety was liable only for such damages as accrued after the execution of the bond.

2. **Appeal and error ⊜⇒1173(2)—Reversal as to surety reverses as to principal.**

Where in an action by a landlord against a tenant to recover possession of premises and damages, judgment for rent against a surety on a replevy bond given by the tenant was erroneous, cause must be reversed as an entirety.

Appeal from District Court, Coleman County; J. O. Woodward, Judge.

Action by Mrs. Bettie J. Shelton against Roy Bible and others. From judgment for plaintiff, defendants appeal. Reversed and remanded.

L. G. Matthews and Critz & Woodward, all of Coleman, for appellants.

Baker & Weatherred, of Coleman, for appellee.

KEY, C. J. Mrs. Shelton, the appellee, brought this suit against appellant Roy Bible in the form of trespass to try title to two tracts of land, aggregating 460 acres. The plaintiff sued out a writ of sequestration, and the defendant gave a replevy bond. The defendant Bible first filed a general denial and plea of not guilty, but afterwards filed a disclaimer of title, and alleged that he was merely a tenant of the plaintiff, and asked for judgment for his costs. There was a jury trial, which resulted in a verdict and judgment for the plaintiff for the land in controversy, and for $300 with 6 per cent. interest thereon, for the rental value of the land; and the defendant Bible and the surety on his replevy bond have appealed.

[1] We sustain the fifth assignment of error, which complains of the action of the trial court in rendering judgment against the surety on the replevy bond for the entire rental value of the premises during the year 1920, although the bond was not executed and approved until the 13th day of February, 1920. Sureties on such bonds are liable only for such damages, or for liability on behalf of the principal, which accrue after the execution of the bond. Bateman v. Hip, 51 Tex. Civ. App. 405, 111 S. W. 971; Wandelohr v. Grayson County Natl. Bank (Tex. Civ. App.) 106 S. W. 413, affirmed by the Supreme Court, 102 Tex. 20, 108 S. W. 1154, reversed in part by the Supreme Court on another point, 102 Tex. 20, 112 S. W. 1046.

[2] It does not appear from the testimony that the rental value of the property during the portion of the year 1920, which elapsed after the execution of the bond, was as much

as its rental value for the entire year, nor does the testimony show what the difference in such rental value would be. Hence we conclude that the surety is entitled to have the case reversed; and this we think renders it necessary to reverse and remand the entire case.

Many of the other assignments of error relate to questions of pleading, and we do not think they point out reversible error. At any rate, the pleadings can be amended, and the questions referred to eliminated upon another trial. Assignments presenting other questions are overruled.

For the reasons stated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.