## BANKHEAD et al. v. SPERRY et al.
### (No. 3435.)

Court of Civil Appeals of Texas. Texarkana.
Oct. 13, 1927.

Rehearing Denied Oct. 20, 1927.

1. **Replevin ⬅⟶135—In suit to enjoin execution of judgment against sureties on replevin bond, evidence held insufficient to prove principals' appeal was prevented by intimidation.**

In. suit to enjoin execution of judgment against sureties on replevin bond, evidence *held* insufficient to prove that the principals were prevented from appealing from the judgment by intimidation.

2. **Replevin ⬅⟶123, 135—Intimidation by defendants to gain possession of house after judgment for defendants held not to affect plaintiffs' right of appeal or to release sureties on replevin bond.**

Alleged intimidation by defendants to gain possession of a house and lot, after a judgment in their favor in suit involving title and possession, *held* not in any event to affect plaintiffs' right of appeal so as to release sureties on replevin bond.

3. **Replevin ⬅⟶123—Dispossession of plaintiffs by intimidation pending appeal from judgment for defendants held not to release sureties from liability on replevin bond for rents previously accrued.**

Dispossession of plaintiffs by intimidation pending an appeal after a judgment for defendants in suit involving title and possession of house and lot *held* to release sureties on replevin bond from liability for future damages for rent, but not to affect their liability for rents previously accrued.

4. **Replevin ⬅⟶123—Sureties on replevin bond cannot complain because principals refused to appeal from adverse judgment.**

Sureties on plaintiffs' replevin bond cannot complain because plaintiffs refused to appeal from a judgment rendered against them.

Error from District Court, Lamar County; Newman Phillips, Judge.

Injunction suit by L. J. Bankhead, Jr., and another against Clarence H. Sperry, Jr., and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

Allen & Perfect, of Paris, for plaintiffs in error.

Chas. Roach, of Paris, for defendants in error.

HODGES, J. This suit was filed in the district court by the plaintiffs in error to enjoin the execution of a judgment rendered

against them as sureties on a replevin bond. They pleaded that in 1922 there was pending in the district court of the sixty-second judicial district of Lamar county a suit filed by Caroline Moody and Frank Moody against Clarence Sperry and David Glueck. The suit involved the title and possession of a house and lot situated in the city of Paris. During the pendency of the suit Sperry procured the issuance of a writ of sequestration, which was levied on the property involved. The Moodys executed a replevin bond, with plaintiffs in error Bankhead and Watson as sureties. A trial of the case on its merits in August, 1926, resulted in a judgment in favor of Sperry for the title and possession of the land, and against the sureties on the replevin bond for the sum of $384 as rents. No appeal was prosecuted from that judgment. In January of the present year an execution was issued on the judgment, for the purpose of collecting $384 from the plaintiffs in error. In the meantime Clarence Sperry had died, and his wife and children are made parties defendant to this suit.

As grounds for the writ of injunction prayed for plaintiffs in error rely upon proof of intimidation against the Moodys by the defendants in error which prevented the Moodys from prosecuting an appeal from the judgment rendered in the district court. The substance of their complaint is thus stated in their original petition:

"Plaintiffs allege that within a few days after the said Caroline Moody and her husband, Frank Moody, had given their said notice of appeal, that Buford Sperry and Leslie Sperry, acting for themselves and for and on behalf of the other defendants herein with their consent and their full authority, began a course of threatening violence, abusive, and angry language towards the said Caroline and Frank Moody, and did threaten the said Caroline Moody and Frank Moody with violence, abuse them, and use angry and ugly language towards them at every opportunity, and did pursue this abuse and threats until the said Caroline Moody and Frank Moody, fearing for their persons, moved out of the said property and abandoned their said appeal."

The defendants in error answered by a general demurrer and a general denial. No ruling was made upon the demurrer, but the case was submitted to the court without a jury. After hearing the evidence a judgment was rendered in favor of the defendants in error. The judgment is here attacked upon the ground that it is contrary to the evidence.

[1-3] The testimony offered by plaintiffs in error tended to show that after the rendition of the judgment against the Moodys they gave notice of appeal, but subsequently abandoned the appeal and surrendered possession of the property through fear of the Sperrys. The defendants in error offered testimony which tended to show that while they de-

---

manded possession of the property a short time after the case had been tried, they offered no violence whatever. They also proved that the Moodys had stated after the trial that they did not wish to appeal the case. There is no complaint that the judgment against the Moodys was erroneous or unjust or in any respect irregular. The evidence justified the trial court in concluding that the charges of intimidation had not been sustained. But the charges, if sustained, were not sufficient to relieve the plaintiffs in error from liability on the judgment which had previously been rendered against them. The alleged intimidation related only to the possession of the property, and could in no way affect the right of appeal by the Moodys. The dispossession of the Moodys released the sureties from any liability for future damages or rents, but could not affect their liability for those which had previously accrued.

[4] The Moodys had a right to determine whether they would appeal from the judgment rendered against them. If for any reason they refused to appeal, the sureties could not complain because of such refusal. Wandelohr v. Bank, 102 Tex. 20, 108 S. W. 1154, 112 S. W. 1046.

The judgment is affirmed.