## UNITED STATES FIDELITY & GUARANTY CO. v. PRESNAL et al.

### No. 1396.

Court of Civil Appeals of Texas. Eastland.
Feb. 22, 1935.

Rehearing Denied March 22, 1935.

Henderson & Hoyle, of Bryan, and Seay, Malone & Lipscomb, of Dallas, for plaintiff in error.

J. G. Minkert and George B. Butler, both of Bryan, for defendants in error.

HICKMAN, Chief Justice.

The following statement of the case, while not complete, is deemed sufficient to reflect the record, in so far as it relates to the questions presented for decision. In his suit against G. L. Laboiteaux and R. I. Bernath, the defendant in error J. K. Presnal caused a writ of attachment to be issued and levied upon certain personal property valued by the sheriff at $500. The cause of action asserted was for damages for trespass upon the lands of Presnal, the affidavit for attachment stating that the defendants were not residents of the state of Texas. The attached property was replevied by the defendants Laboiteaux and Bernath, the replevy bond being for the estimated value thereof as authorized by article 292, R. S. 1925. On this bond Laboiteaux and Bernath were principals, and Geo. H. Stein and United States Fidelity & Guaranty Company were sureties. The defendant Laboiteaux was a resident of the state of Louisiana, and was cited by publication, but filed no answer, and made no appearance in the suit. The other defendant, Bernath, filed an answer, in which was contained his affidavit as follows: " * * * I never was a joint owner with G. L. Laboiteaux, of assets consisting of general contractors' equipment and other property, located in Harris, Brazos and Leon Counties, Texas, and in Terrebonne Parish, Louisiana, and that the aforesaid G. L. Laboiteaux was the sole owner of the stated assets." This answer was filed on September 16, 1933. On September 25, 1933, Presnal, the plaintiff below, and defendant Bernath appeared before the trial court by their attorneys, and the plaintiff announced that he would not further prosecute his suit as to Bernath, whereupon a decree was entered by the court that the suit as to Bernath be discontinued and dismissed, and he was discharged with his costs, without day. Thereafter, on October 28, 1933, the cause was tried on its merits, resulting in a judgment in favor of Presnal against Laboiteaux, one of the principals in the replevy bond, and Geo. H. Stein and plaintiff in error United States Fidelity & Guaranty Company, sureties therein, jointly and severally, in the sum of $350. The judgment recited that Bernath had filed a disclaimer, and it was ordered, adjudged, and decreed that Presnal take nothing against him. From that judgment, United States Fidelity & Guaranty Company alone has prosecuted a writ of error.

Plaintiff in error presents: (1) That the condition governing its liability was not fulfilled, and (2) that the voluntary release by Presnal, the plaintiff below, of the defendant Bernath, one of the principals in the replevy bond, operated to release it, a surety on that bond. The condition of the replevy bond was that if "the defendants be condemned in the above entitled action, they shall satisfy the judgment. * * *" Only one of the defendants was condemned in the action, and it is, therefore, presented that the condition of liability of the sureties was not fulfilled.

The leading case on the question presented is believed to be Wandelohr v. Grayson County Nat. Bank, 102 Tex. 20, 108 S. W. 1154, 112 S. W. 1046. In that case, the Wandelohrs, husband and wife, brought suit to recover of the bank and others certain real estate, alleged to be the separate property of Mrs. Wandelohr, and the business homestead of her husband. The bank filed a cross-action to recover the same property, and, in connection therewith, caused a writ of sequestration to be issued and levied thereon. The Wandelohrs replevied, each signing the replevy bond as a principal. The property involved being real estate, the liability adjudged against the sureties on the replevy bond was for the rents accruing pending the final judgment. Upon the trial, judgment was entered in favor of the bank against the Wandelohrs for the property, but only against Mr. Wandelohr and the sureties on the replevy bond for the rents, and the question presented for decision was whether the trial court erred in rendering judgment against the sureties for rents when a like judgment was not rendered against Mrs. Wandelohr, one of the principals on the replevy bond. In its original opinion the Supreme Court affirmed the judgment, thereby holding that, under the circumstances, the failure of the trial court to render a personal judgment against Mrs. Wandelohr did not render erroneous the judgment against the sureties. A motion for rehearing was granted, and the opposite conclusion announced in the opinion on rehearing, 102 Tex. 27, 112 S. W. 1046. Considering these opinions together, we deduce the following conclusions therefrom, which materially aid in the solution of our present problem: The sureties on a replevy bond may complain on appeal of the failure of the trial

court to render judgment against one of the principals in the bond. Judgment may properly be rendered upon a replevy bond to which the names of two persons are signed as principal obligors against only one of them and against the sureties when the other principal by reason of coverture, or for any other reason, is not legally bound. Only those who are legally liable upon a bond are real obligors therein, and a surety cannot complain of the failure of the court to render judgment against a principal who is not legally liable. If the principal against whom no judgment was rendered was a real obligor in the bond, a judgment against such principal is essential to a valid judgment against the sureties. It was held in that case on rehearing that Mrs. Wandelohr was a real obligor in the bond, and, because no judgment was rendered against her, the judgment against the sureties was reversed and rendered in their favor.

The reasoning of Justice Williams in the opinion on rehearing on the question of whether Mrs. Wandelohr was liable on the bond, when applied to the facts of the instant case, leads certainly to the conclusion that Bernath was liable on the bond in suit. The property was alleged to belong to Laboiteaux and Bernath. It was attached as their property. They were both defendants, and, as such, had the right to execute the replevy bond. Article 292, R. S. 1925. Possession was taken from the sheriff and restored to both of the defendants by virtue of the bond. Further, the giving of the bond and retaining possession of the attached property estopped Bernath to deny that the property belonged to him, for there is inconsistency between the execution by a defendant of a replevy bond and the assertion by him that the property does not belong to him. 5 Tex. Jur., § 75, pp. 239, 240, and the authorities cited under footnote 7. We entertain no doubt that Bernath was a real obligor on this bond. He was laboring under no disability and voluntarily signed it. It follows from that conclusion that the court erred in rendering judgment against the sureties without, at the same time rendering a like judgment against him. Sartain v. Hamilton, 14 Tex. 348.

■ Further, the act of plaintiff below in voluntarily dismissing Bernath from the suit must be held to have resulted in a release of the sureties from liability. In the original opinion in the Wandelohr Case, supra, is found this significant language: "The case cannot be treated as if the obligee of the bond had voluntarily released one of the principals." 102 Tex. 20, 26, 108 S. W. 1154, 1156. The implication from this statement is that the general rule that the voluntary release by the obligee of the principal releases the sureties is applicable to replevy bonds the same as to other bonds.

In the case of Crook v. Lipscomb, 30 Tex. Civ. App. 567, 70 S. W. 993, it was held that, where sureties signed an appeal bond from a justice's judgment against several defendants, and afterwards the plaintiff released some of the defendants from liability on the judgment that might be rendered in the county court, the sureties, having no knowledge thereof, were also released. There are cogent reasons why that rule should be applied in the instant case. Presnal recovered a judgment against Laboiteaux for damages for trespassing upon his land. Laboiteaux was a road contractor. According to the allegations and the evidence offered upon the trial of the cause, this trespass was committed by Bernath, or under his direction. The fact that he might have owned no interest in the machinery, but was an employee of the contractor, was no defense to his liability for the trespass. After having caused an attachment lien to be fixed upon certain property alleged to belong to both Laboiteaux and Bernath, the plaintiff voluntarily dismissed his suit against the latter. At that time he was secured in any judgment he might recover not to exceed $500 by a presumably solvent replevy bond. The sureties on that bond may have relied upon the integrity and solvency of Bernath in executing same. It would be manifestly unjust to them to permit the obligee in that bond voluntarily to dismiss his suit against one of the principals, and then recover judgment against them.

■ There is no reason for remanding this cause to the lower court. The judgment discharging Bernath without day has become final, and upon a remand the error for which we reverse the judgment could not be corrected. Wandelohr v. Bank, supra; Sartain v. Hamilton, supra. It is, therefore, our order that the judgment of the court below against United States Fidelity & Guaranty Company be reversed and that judgment be here rendered in its favor. The other portions of the judgment will not be disturbed.

Reversed and rendered.