Chief Justice Robertson
delivered the opinion of, the court.
Hunt having sued Dabney C. Terril for damages for an alleged eviction from land which his ancestor had conveyed by deed of general warranty, and the jury having found a verdict for damages, subject to the opinion of the court on a demurrer to the evidence, judgment was rendered in favor of Terril.
Afterwards this suit in chancery was brought by Hunt against D. C. Terril and against others, his non-resident co-heirs, and against the ancestor’s administrator, praying for a decree for damages for the same breach of covenant for which the suit at law had been brought, and alleging that land had descended to the heirs in this commonwealth. The bill sets out the proceedings and judgment in the common law suit against D. C. Terril ; and the answers of the non-resident heirs relied upon that judgment as a bar to this suit, and also denied that the circuit court had any jurisdiction. On the hearing, the bill was dismissed absolutely. Hunt complains that the decree is erroneous.
It is not necessary to decide whether the circuit court had jurisdiction ; for, were the jurisdiction conceded, the decree should, nevertheless, be affirm-
On a demurrer to evidence,a judgment in favor of (he demur-rant, is a bar to any futuro suit on the samo cause of action.
If a plaintiff desire to avoid the effect of a judgment on a demurrer to evidence, he should not join the demurrer, but should waive his evidence, and then a non-suit would be the o ly consequence.
*68 A release, in fart or by operation of law, of a cause of action ex contractu, against one of several persons jointly bound, or even bound jointly and severally, extinguishes the liability of all. A judgment in favor of one heir or co-obligor, which would bar any other suit against him for the same cause of action, will also extinguish the obligation of his co-heirs or co-obligors, unless the judgment had been obtained in consequence of a defence applying peculiarly and alone to the party in whose favor it had been rendered.
Tfie judgment on the demurrer is, in our opinion, a bar to any other suit againt D. C. Terril, founded on the same cause of action.
As a jury could not he compelled to find a special verdict, the demurrer to evidence was adopted as a proper mode of obtaining, on the facts admitted, such a judgment by the court as should have been rendered on a special verdict, if, instead of being admitted by the demurrer, the facts had been ascertained by a special verdict. A judgment on a special verdict would operate as an effectual bar to the same cause of action. And, pari rallona, a judgment in favor of the demurrant, on a demurrer to evidence, must have the like effect, if the plainiiff desire to avoid the effect of a judgment on a demurrer to evidence, he should not join the demurrer, hut should waive his evidence, and then a non-suit would be the only consequence. But when be joins in demurrer, be insists on the sufficiency of his facts, refuses to suffer a non-suit, and consents that the court shall pronounce such a judgment on the facts admitted, as would have been proper on a special verdict.
If a plaintiff shall suffer the jury to find a general verdict, he cannot have the benefit of a non-suit, but will he forever barred by a judgment on the verdict. So if, instead of waiving his evidence, and submitting to a non pros., he ventures to take issue on a demurrer to evidence, and insists on the judgment of the court on the facts admitted by the demurrer, a judgment against him, as long as it shall remain unreversed, will bar any other suit for the same cause of action. The fact that such a judgment, if *69 erroneous, may be reversed, tends to prove its conclusiveness whilst it shall remain in full force.
Judgmenl on either a-special verdict, or on demurrer to evidence, is a bar to any future suit on the same cause of action.
If plaintiff desire not to be barred (from another suit on the same causo,) by a judg. ment on a special verdict or on a demurrer to evidence, he should waive his evidence, and suffer a non-snit,
If the judgment on the demurrer in the common law suit brought by Hunt against D. C. Terril, be right, it must be admitted that, if there had been no demurrer, and the jury had found a general verdict in favor of Hunt, the finding should have been set aside. It is equally true, that--a general? verdict against him would have barred flis cause Of action. A non-suit could not then have been entered, because he had made his election to try the case on the facts and could not have retracted after the trial and finding against him. There was not a general verdict against him ; but the verdict, as rendered, was subject to the judgment of the court on the demurrer, and that judgment, when pronounced, had the same effect as a judgment on a general verdict against him, or on a special verdict (without demurrer) in his favor, would have had.
Iff instead of demurring, Terril had moved the court to instruct the jury as in case of a non-suit, and the instruction had been given, Hunt would have been barred by a verdict against him. He could have escaped such a consequence, only b.v suffering a non-suit before the jury had retired from the bar. Or if, without either a demurrer to the evidence or an instruction to the jury for a non-suit, a verdict had been found against Hunt, (as in such a contingency ought to have been the case,) he coidd never have evaded the bar by shewing that, inadvertently, a chasm had occurred in his proof. The judgment against him on the demurrer, has precisely the same effect as a judgment on either of the verdicts which have been supposed, or as a judgment against him on a special verdict would have had. The only difference between a special verdict and a demurrer to evidence is, that one admits every allowable deduction from the facts, the other ascertains and reports the opinion of tiye jury on the same facts. The judgment of the court against the plaintiff is as conclusive in the one case as in the other. If, in the one case, the plaintiff, instead of suffering a non-suit, permits a verdict to be found, a judgment against him on the verdict will, until reversed, *70 bar his action : so, in the other case, if he submit the decision, on the facts, to the court, a judgment against him is equally conclusive. And in either case, he can reser ve the chance of another suit on the same cause of action, in no other way than by waiving his evidence, and thus evading a trial.
A judgment on the merits which will bar any other suit at law on the same cause of action, will "Iso bar a suit in chancery on the same same cause of action.
The consequence seems to bo, that, as long as the judgment in favor of D C. Terril shall be permitted to remain unreversed, no suif at law can be maintained on the same cause of action against the heirs or any of them.
And the judgment must as effectually bar a suit in chancery as a suit at law.
The chancellor cannot revise or reverse a common law judgment. He may not regard, as conclusive, a decree which had not been rendered on the merits. But this judgment must be deemed decisive of the merits. It was rendered against Hunt only because his proof did not authorize a judgment in his favor. A party cannot say that his case was not tried on its merits merely because he had been disappointed in the effect of his- evidence, or had ventured to go to trial on insufficient proof. And, hard as the case may seem to be, Hunt has no more cause to complain of severity in the rules of law than any other person would have for complaining that he should be barred by a judgment rendered against him when he was not as well prepared as he after-wards discovered that he might have been. If his case was not tried on the merits, no case ever was so tried, if either party might, by skill, prudence or vigilance, have prepared it more advantageously or securely than it was prepared when he submitted it for trial.
The judgment against Hunt on the demurrer must be deemed to be a j udgment on the merits. It is a bar to any other suit at law on the same cause of action. And in such a case, the maxim, liequitas sequitur legem,” emphatically and conclusively applies.
Wherefore, however injurious the consequences may be to Hunt, he cannot have another chance of trying the same case in equity or at law. If he be entitled to another trial, when would he be barred ? *71 If, on a second, third or fourth experiment, he shall have failed in consequence of some slip or inadvertence, shall he be heard again and permitted to pi osecute suits, ad libitum, on the same cause of action? He might have escaped the consequences of the judgment on the demurrer by suffering á non-suit, or by proving all the facts necessary to entitle him to success. As he did neither, and staked his case on the demurrer, his right of action is gone, and the chancellor cannot relieve him.
Denny and Breckenridge for appellant; Nicholas for appellees.
Wherefore, the court (Judge Underwood dissenting,) feels constrained to allinn the decree of the circuit court.