## CHEESBROUGH *vs.* AGATE.

Upon a covenant by A. to pay C. all sums of money which shall be recovered in an action brought by C. against H. and wife, the covenantor is not liable, *it seems*, if the only judgment recovered in that action is for the payment of a sum of money out of the separate estate and property of the wife.

Where a referee, upon the facts proved before him, finds the law to be that the defendant is liable; to which finding no exception is taken, the defendant cannot, upon appeal, insist that he is not liable, upon the facts appearing before the referee.

A case must be prepared, and settled by the referee, containing the exceptions taken during the trial, or afterwards; and if questions of law are not incorporated therein, they cannot be reviewed on appeal.

ON the 22d day of March, 1854, an action, wherein Robert D. Cheesbrough was plaintiff, and George V. House, and Caroline E. House, his wife, were defendants, was pending in the superior court of the city of New York, to recover $500, with interest, remaining unpaid and unsecured, the balance of $3500, consideration money for household furniture purchased by House and wife, or one of them. In that suit a preliminary order of injunction was granted, on the 26th of September, 1853, and a final order on the 1st of October, 1853, restraining said House and wife, their agents, &c. from removing said furniture, &c. These injunctions were in force

on the 22d of March, 1854. Joseph Agate and Caroline E. House were brother and sister ; John Agate was their father. In March, 1854, the plaintiff was informed that Caroline E. House had, prior to the action in the superior court, made a chattel mortgage on said furniture to her father, John Agate, for $4500, and that Joseph Agate was proceeding to foreclose the said mortgage and to sell the furniture under the same, and by this means to supersede and defeat the injunctions in the superior court, prevent the plaintiff from collecting his judgment when obtained in the superior court, and thus render it of no avail; House and wife being insolvent. An action was therefore commenced, on the 20th day of March, 1854, in the supreme court, by the said Robert D. Cheesbrough, against John Agate, Joseph Agate, George V. House and Caroline E. his wife, to restrain the defendants from enforcing the said mortgage, and from removing or selling the furniture under it, and to set it aside as fraudulent and void as against creditors, and as against the plaintiff. An injunction was granted in this action. The papers in this action were served upon all the defendants except John Agate. The action against John Agate, Joseph Agate, &c. in the supreme court, was pending on the 22d of March, 1854. The first above mentioned action in the superior court, and the above mentioned action in the supreme court, being both pending on the 22d day of March, 1854, Joseph Agate made a covenant entitled in both actions ; "I, Joseph Agate, one of the defendants in the last above entitled action, in consideration of discharging all the injunctions in said several actions, and discontinuing the last above entitled action, do hereby covenant, promise and agree, to and with the above named plaintiff, to pay all sums of money which shall or may be recovered in the first above action, against the said defendants, George V. House and Caroline E. House, together with all costs in said action first above named."

The injunctions were dissolved, and the action against John Agate, Joseph Agate, &c. in the supreme court discontinued.

The plaintiff recovered judgment in the said first action, in the superior court, on the 30th day of December, 1854, for $674.94, *to be collected out of the separate property and estate of the said Caroline E. House.* Execution was issued upon said judgment, and returned, no property, &c. Notice of said judgment was sent in January, 1855, to the attorneys for House and wife, and also the attorneys for the defendant, Agate, in the other suit. Special notice of said judgment was given to Joseph Agate, and demand of payment of the same made upon him, May 2d, 1855. The subject matter of the first action in the *superior* court, against House and wife, and the second action in the *supreme* court, against John Agate, Joseph Agate, &c. was the same. Joseph Agate had no interest in the furniture, but he afterwards purchased a part of it, and became concerned or interested in it. The object of the agreement or covenant of Joseph Agate was to relieve the furniture from the injunction. This action was brought by the plaintiff against Joseph Agate, upon his covenant, to recover the amount of the judgment rendered in the action in the superior court against House and wife. This action was tried before a referee, who made his report, in favor of the plaintiff, for $773.36, besides costs. Judgment was entered for the plaintiff thereon, for $986.72, debt and costs, and from that judgment the defendant appealed.

*Niles & Bagley,* for the appellant.

*S. W. Judson,* for the respondent.

INGRAHAM, J. The defendant entered into a covenant with the plaintiff, by which he agreed to pay the plaintiff all sums of money which should be recovered against George V. House and Caroline E. House, in a certain action then pending in the superior court. Subsequently the plaintiff recovered in that action a sum of money, out of the separate property and estate of the defendant Caroline E. House, the

Cheesbrough *v.* Agate.

. wife. No judgment was entered against either of the defendants, other than a judgment for a sum of money to be collected out of the separate estate. Execution was issued in the same form. The only question is, whether under this covenant the defendant is liable. His only undertaking was to pay any sum of money which should be recovered against both the defendants in that action. He was a surety: as such he has a right to insist that his contract shall be construed strictly. He can only be held liable on the condition contained in it, viz: to pay any moneys for which both defendants shall be held liable. A recovery against the separate estate of one, does not bring the case within that condition, according to its literal interpretation; and the defendant's liability may well be doubted. But the case, as it is submitted to us, is defective, and the defendant cannot raise that question on these papers. Whether upon the facts proven, the defendant is or is not liable, is a question of law. The referee has found upon the facts, and has found the law upon those facts to be that the defendant is liable. To this finding no exception has been taken. It is now well settled, that a case must be prepared and settled, by the referee, containing the exceptions taken during the trial or after the trial, and if not so incorporated, questions of law cannot be reviewed on appeal. I need only refer to the cases of *Hunt* v. *Bloomer*, (3 *Kern.* 341,) and *Johnson* v. *Whitlock*, (*Id.* 344,) as settling this practice, beyond doubt.

We think, therefore, the appeal in this case is not well taken, and that the same should be dismissed, and the judgment affirmed, with costs.

[NEW YORK SPECIAL TERM, March 1, 1858. *Ingraham*, Justice.]