GILMORE and others *vs.* CROWELL & FISHER.

The general rule is that the contract of a surety is to be construed strictly, and not to be extended beyond the fair scope of its terms. By that rule, the obligation of parties executing an undertaking for the discharge of an attachment is to be ascertained and determined.

Where such an undertaking provided for the payment of the amount of the judgment which might be recovered against the defendants, and the judgment recovered was against some of them only; *held*, that the failure to recover against all the defendants did not prevent a recovery against the sureties, upon the undertaking.

The object or design of the statute, and the intent of the legislature, being considered, an agreement by the sureties in such an instrument, that they will pay any judgment obtained in the action, against all or any of the defendants, is fairly within the scope of the sureties' undertaking.

APPEAL, by the plaintiffs, from a judgment entered at a Special Term, dismissing the complaint.

On the 6th of February, 1872, a suit being pending in this court, wherein these plaintiffs were plaintiffs, and Robert Patton, Willard Ginn and John B. Folger were defendants, and an attachment having been issued therein, the present defendants, Crowell & Fisher, for the purpose of procuring a discharge of such attachment, executed an undertaking, entitled in said action, in these words:

" An attachment having been issued in the above action to the sheriff of the city and county of New York, and the above named defendants having appeared in such action, and being about to apply to the officer who issued such attachment, or to the above mentioned court, for an order to discharge the same, we, Elisha Crowell, of No. 27 Lafayette avenue, in said city of Brooklyn, and Augustus G. Fisher, of No. 27 Lafayette avenue, in said city of Brooklyn, do hereby, pursuant to the statute in such case made and provided, undertake, in the sum of seven hundred dollars, that we will, on demand, pay to the above named plaintiff the amount of the judgment which may be

Gilmore *v.* Crowell.

recovered against the above named defendant in this action, not exceeding the above mentioned sum.   Dated New York, February, 1872.      ELISHA CROWELL,
A. G. FISHER."

Thereupon the attachment was discharged, and the attached property was surrendered by the sheriff, under the order of the court.

That action proceeded until the 13th of July, 1872, when the plaintiffs had judgments against Patton and Ginn, two of the three defendants therein, for $526.37.

This action was brought upon that undertaking.   The judge at the trial dismissed the complaint, on the ground that the plaintiffs recovered against two only of the three defendants, and therefore there had been no breach of the condition of the undertaking.

*Thos. H. Rodman*, for the appellants.

*Starr & Ruggles*, for the respondents.

*By the Court*, BRADY, J.   The question presented by this appeal is whether an action can be maintained against sureties upon an undertaking which provides for the payment of the judgment which may be recovered against the defendants, when the judgment recovered is against some of them only.   The general rule is that the contract of a surety is to be construed strictly, and not to be extended beyond the fair scope of its terms, (*Cheesbrough* v. *Agate*, 26 *Barb.*, 603; *Poppenheusen* v. *Seeley*, 3 *Keyes*, 150;) and by that rule the obligation of the defendants herein must be ascertained and determined.

The undertaking which they executed was, as declared by it, "pursuant to the statute in such case made and provided," and the design of the statute was to enable the defendant or defendants, in an attachment proceeding, to recover the property seized at once, on giving

security to pay the judgment. The intent was to substitute a personal obligation of sureties for the property which could by the attachment proceeding be applied to the payment of the alleged indebtedness when established by due process of law — not to any particular judgment that might be obtained, but to any judgment rendered in the action, whatever it might be.

The seizure of the property of the defendants named, or either of them, would, to the extent of the value, insure the payment of the claim asserted; and when the defendants, to reclaim it, give the undertaking required, the presumption of its sufficiency to pay the entire debt is proper. The object or design of the statute, and the intent of the legislature being considered, the agreement seems fairly within the scope of the sureties' undertaking, that they will pay any judgment obtained in the action against all or any of the defendants.

It is through their instrumentality that the property applicable is diverted, and they should see to it that their indemnity shall rest upon more substantial ground than a limited or restricted liability.

The statute under which the undertaking was given, §§ 240 and 241, provides for an obligation to pay to the plaintiff the amount of the judgment that may be recovered against the defendant in the action; and it is evident that the contemplated benefit to the plaintiff was the payment of the judgment that he might recover. The defendants herein having assumed such obligation, the statute being within their knowledge and referred to in their agreement, must be regarded as having contracted with reference to its design and intent.

It becomes, therefore, legitimately an element in the consideration of the question of what was intended by the parties, and what is within the fair scope of the contract thus considered.

The case of *Kipling* v. *Turner* (5 B. & Ald., 261,) is

Gilmore *v.* Crowell.

decisive of this question. The condition of the bond, in that case, was to pay, or cause to be paid, all such costs as the court should think fit to award to the defendants on the hearing of the cause, and it was held that the death of one of the defendants before costs awarded, could not be pleaded in discharge of the bond. BAYLEY, J., said: "The case is very different where persons are described by character and where they are described by name." In this case the persons are described by character. The obligation is to pay the judgment against the defendants in the action in which the undertaking was given, and two of them against whom the judgment was rendered are of that character.

Although the question is not free from doubt, in consequence of the strictness with which the contracts of sureties are construed, nevertheless, under all the circumstances, the failure to recover against all the defendants does not, from the nature and object of the agreement, seem to be an essential, indispensable prerequisite to the liability of the sureties. Such a construction, although it might be sustained on authority, should not be adopted. By holding the defendants liable, the substituted security is made available. The property seized could have been applied to the judgment obtained, for aught that appears, and the defendants should occupy the same relation to the plaintiffs.

I think the judgment should be reversed.

Judgment reversed.

[FIRST DEPARTMENT, GENERAL TERM at New York, November, 1873. *Ingraham* and *Brady*, Justices.]