CHARLES CHRISTAL AND WILLIAM B. MARSH, AS EXEC-
UTORS, ETC., OF ALEXANDER HOAG, DECEASED, RESPONDENTS,
*v.* BERNARD KELLY, APPELLANT, IMPLEADED WITH COR-
NELIUS A. BUNNER.

*The surety to an undertaking given to release property from an attachment — can-*
*not object to an amendment of the summons and complaint, by consent, in the*
*original action.*

In an action upon an undertaking given to secure the release of property belong-
ing to a firm, from an attachment issued in an action commenced against two
of the partners, the surety cannot set up as a defense that the summons and
complaint in the original action were, after the giving of the undertaking and
before the entry of the judgment, amended, by consent, by the addition of the
name of a third partner.

APPEAL from a judgment in favor of the plaintiffs, entered upon
the trial of this action by the court without a jury.

On 16th July, 1870, the plaintiffs, as executors, commenced an
action in this court against William Christal and Joseph Struthers
to recover the sum of $6,798.52, with interest from 1st January,
1870, being the amount of a promissory note made and delivered
to the executors by the firm of Christal & Struthers, of which
William Christal and Joseph Struthers were members. On 18th
July, 1870, a warrant of attachment was issued in that action
against the property of William Christal as a non-resident. On
20th July, 1870, the defendants herein gave their undertaking in
discharge of the attachment, which undertaking was approved by a
justice of this court on 21st July, 1870, and the attachment was
thereupon discharged. The defendants in the action answered and
set up the non-joinder therein of Charles E. Christal, who they
alleged was a member of the firm of Christal & Struthers. There-
after, and on 12th August, 1870, a stipulation in writing was
entered into between the attorneys in that action, that the summons,
complaint, and all papers, pleadings and proceedings therein might
be amended by adding Charles E. Christal as a defendant therein,
and that the plaintiffs might, within ten days thereafter, serve an
amended complaint. On 20th August, 1870, the plaintiffs, without
procuring any order of the court therefor, served upon the attorneys

for the defendants, William Christal and Joseph Struthers, an amended summons and complaint in which Charles E. Christal was added as a defendant. The three defendants answered the amended complaint. On 2d February, 1872, the attorneys for the defendants in that action gave a written notice to the plaintiffs' attorneys of the withdrawal of the answer, and on 3d February, 1872, judgment was entered against the defendants therein as by default for $7,918.63. An execution was issued on this judgment against the property of the defendants on 3d February, 1872, and was returned wholly unsatisfied on 21st February, 1872.

*Benjamin M. Stilwell,* for the appellant.

*Edward S. Clinch,* for the respondents.

BARNARD, P. J.:

A surety upon an undertaking given to release an attachment cannot, after judgment, object to an amendment to the complaint made by consent and without the order of the court adding a defendant. It may well be questioned whether in point of fact the additional defendant made any change in the condition of the parties. The action was against the members composing a firm, upon a note made by the firm as such and under the firm name, and the omitted defendant was one of the members of the firm.

The omission to obtain the order permitting the amendment is cured by the statute. (2 R. S., 425.)

The objection that by the addition of this defendant without the consent of the sureties the sureties were discharged, is equally without weight. The action was commenced by attachment. The original complaint stated only two persons as being members of the firm sued.

The undertaking in question was given by the two defendants, or at their instance, to release the property levied on. The undertaking took the place of the property. The appellant agreed to pay whatever judgment was recovered against the defendants. Judgment has passed against these two defendants as partners, and also against an additional defendant who was one of the firm and was added for that reason. If the property had still remained subject to the levy, it could not be claimed that it was released because of

this addition. There was no new action. It was the same action and upon the same cause of action, and if there had been no objection made by the defendants who were sued, no amendment would have been needed. That the sureties cannot question the regularity or merits of the judgment as settled. (*Scofield* v. *Churchill*, 72 N. Y.; 565.). That an undertaking given to pay a judgment, to be recovered in an action, binds the sureties to a judgment against any and all the parties. (*Gilmore* v. *Crowell*, 67 Barb., 64; *Cockroft* v. *Claflin*, 64 id., 464.) The undertaking itself, reciting the fact of the issuing of the attachment, estopped the defendants from questioning the fact of its issue. The objection therefore to the admission of the copy of the attachment on file was harmless. The same can be said as to the admission of the judgment roll. It included the original summons and complaint, and also the amended summons and complaint. If the roll should only have contained the amended pleadings, the annexation of the unamended did not injure the sureties as evidence in this action.

The judgment should therefore be affirmed, with costs.

GILBERT and DYKMAN, JJ., concurred.

Judgment and order denying new trial affirmed, with costs.