GEORGE E. SMITHIES, TRUSTEE OF STELLA KEO-MAILANI COCKETT, AND STELLA K. COCKETT, BENEFICIARY, *v.* JOHN F. COLBURN, EXECUTOR UNDER THE WILL OF DAVID KAWANANA-KOA, DECEASED, AND JONAH KALANIANAOLE.

ERROR TO CIRCUIT COURT, FIRST CIRCUIT.

ARGUED APRIL 15, 1910.                    DECIDED APRIL 21, 1910.

HARTWELL, C.J., PERRY AND DE BOLT, JJ.

PARTIES—*capacity to sue.*

> A new trustee can join with the beneficiary in bringing an action on a judgment in favor of the beneficiary and the former trustee who had assigned the judgment to him "as far as I am authorized so to do."

JUDGMENT—*effect upon one judgment debtor of release of another.*

> A release by operation of law of one judgment debtor upon a ground not applicable to the other does not operate to release the other.

JUDGMENT—*executors and administrators.*

> Upon the death of one judgment debtor the other succeeds to the joint obligation of the judgment, and he is liable alone and

not jointly with the executors or administrators of the deceased judgment debtor. The executors and administrators are not liable at law in such case.

## OPINION OF THE COURT BY HARTWELL, C.J.

The plaintiff in error, referred to in this opinion as the defendant, was a codefendant in the court below. The other defendant did not join in the petition for the writ and did not join issue having obtained a separate judgment in the court below and not being further concerned in the case.

This was an action on a judgment recovered in the circuit court by Albertina Polyblank, trustee for Stella Cockett, and Stella Cockett against David Kawananakoa and Jonah Kalanianaole for the sum of $5,280.75, besides interest and costs, being the amount of the deficiency found to be owing upon the foreclosure of their mortgage to the trustee. The judgment was affirmed on successive appeals (17 Haw. 82; 205 U. S. 349), and the trustee resigning the plaintiff George Smithies was appointed by the court as trustee in her place. David Kawananakoa having died and John F. Colburn being executor of his will, the judgment claim was presented to him and rejected. Thereupon the new trustee and the beneficiary brought this action. The executor demurred to the declaration on the ground that it did not state facts sufficient to constitute a cause of action against him or the estate of the decedent and that the action was not brought within two months after the claim was rejected, being the time limited by statute for actions against executors on claims rejected by them. The defendant Jonah Kalanianaole demurred on the grounds that the declaration did not state facts sufficient to constitute a cause of action against him solus or conjointly with the executor. The executor's demurrer was sustained and he took judgment on the order sustaining the demurrer. The demurrer of the defendant Jonah Kalanianaole was overruled and after excepting to the

order overruling it he answered. At the hearing, to which he excepted, relying on his demurrer, jury being waived, he admitted the averments in the declaration except the averment that the executor arbitrarily rejected the claim and judgment against him was entered for the plaintiffs in the sum of $6,086.15 and $26 costs.

The defendant's claim, presented in various forms in his assignment of errors, is that his demurrer ought to have been sustained on the ground that a release of one judgment debtor releases the other. In his reply brief he claims that the demurrer ought to have been sustained on the ground that a judgment is not assignable at law and that if it is assignable under the statute the beneficiary should have joined in the assignment. The declaration avers the resignation of the former trustee, the appointment of the new trustee by the court and that the judgment was duly assigned by her to the plaintiff Smithies.

A demurrer on the ground that the plaintiff has no legal capacity to sue cannot be sustained unless it appears on the face of the complaint that he has not such capacity. *Barkley* v. *Quicksilver*, 6 Lans. 25. A plea in abatement "is the proper mode of taking advantage of the objection." 1 Chit. Pl., 16 Am. Ed. 464; 31 Cyc. 324. There is the further difficulty in considering this objection that it is not specified in the demurrer. At common law, after the statute of the 27 Eliz. c. 5, defects in form must be pointed out specially and judgment could not be reversed on error for any "imperfection, defect or want of form" unless "specially and particularly set down and expressed" in the demurrer. 1 Chit. Pl. 695. If the objection is properly before us, its force is not apparent since the beneficiary retains her interest in the judgment and the trustee assigned, as expressed in Exhibit A in the record, "so far as I am authorized so to do." A judgment is assignable as a non-negotiable chose in action. Sec. 1739 R. L.

This is, as treated by each of the parties, a joint judgment.

The dictum in *Bowler* v. *McIntyre,* 9 Haw. 306, that a judgment is joint and several is made upon the authority of Black on Judgments, Sec. 210, which is supported by decisions based on statute.

If one of two or more persons bound by their joint obligation is released from it by the obligee the obligation is not enforcible against either of the others for the simple reason that it was not a several obligation. And so the obligation of a judgment imposed by law upon two joint judgment debtors is discharged by release of one of them by the judgment creditor or by his release by operation of law on grounds applicable alike to the other judgment debtor. If, however, one judgment debtor avoids the effect of the judgment not by a release by the judgment creditor nor upon a ground equally applicable to the other the latter is still bound. "But judgment recovered by one of several joint debtors, is not a defense to a subsequent action against the others, unless it be shown that the judgment was recovered on a ground which operated as a discharge of all." 2 Chit. Contr. 1176. "Judgment in favor of one co-obligor would extinguish the obligation against the others unless obtained in consequence of a defense applying peculiarly and alone to a party in whose favor it had been obtained." *Hunt* v. *Terril's Heirs,* 30 Ky. 68.

It was held in *Phillips* v. *Ward,* 2 H. & C. 716, that "A judgment recovered by one of several joint debtors cannot be pleaded as a defense to a subsequent action against the other joint debtors in respect of the same cause, unless a plea shows that the judgment was recovered on a ground which operated as a discharge of all," Bramwell, B., saying: "No doubt if a person jointly liable with others succeeds in an action against him alone by pleading a release or payment, that would afford a good defence to an action against the other joint debtors—whether pleaded in bar or by way of estoppel seems unimportant —for a release to one is a release to all, and payment by one is

a discharge of all.   Therefore, in some cases, a judgment re-covered by one of several joint debtors may be pleaded in an action against the others.   But this plea does not show that the former action was successfully resisted on some ground common to all the joint debtors; but only that the Court gave judgment for the defendant, which may have been on some ground purely personal, as infancy, bankruptcy, or insolvency;" Channell, B.: "The defendants plead a judgment recovered by a joint debtor in a former action for the same cause; and I think it incumbent on the defendants to show by their plea that the judgment in that action is inconsistent with their liability in this action.   But, so far as this plea states, the judgment for the defendant in the former action may have proceeded on a ground which, though affording a perfect defence as regards him, does not affect the liability of the present defendants." (p. 719.)   "When a suit is commenced against several joint debtors, upon a joint contract, and one of them pleads or gives in evidence a matter which is a bar to the action, as against him only, and of which the others cannot take advantage, as it res-pects them, there can be no good reason why the plaintiff should not be at liberty to proceed to take judgment against them." *Hartness* v. *Thompson*, 5 Johns. 160, 161.   And see *Hill* v. *Morse*, 61 Me. 541, 543.   "A mere discharge by operation of law of one of several debtors without the consent of the creditor will not take away his remedy against the others."   2 Chit. Pl. 455.   "The common rule is that on the death of one joint promisor the surviving promisors alone remain liable" and that "any cause operating to discharge the right of action against one of several joint promisors will discharge all of them except where one receives a purely personal discharge as in bankruptcy or by a covenant not to sue."   Harriman, Contr. Secs. 353, 354.

In *Conn. Fire Ins. Co.* v. *Oldendorff*, 73 Fed. 88, cited by the defendant, separate judgments on a joint contract had been

entered on different days in favor of the defendants. The court dismissed the plaintiff's writ of error to review the judgment last entered because the six months allowed to bring the writ had elapsed in respect of the earlier judgment, holding that the failure to bring the writ seasonably required its dismissal in respect of one judgment as well as the other as equivalent to a release "by operation of law and at the instance and by the act of the creditor." If the decision is inconsistent with the authorities above cited we decline to accept its authoriy.

The defendant Jonah Kalanianaole was not released from the joint obligation of the judgment against himself and David Kawananakoa by reason of the release of the executor of the will of David by operation of law although the release was based on the plaintiff's delay to bring the action in two months after the claim against the executor was rejected. The release in no way affected the sole obligation, which rested upon Kalanianaole upon the death of the other obligor. From the nature of a joint obligation personal representatives of obligors are not liable severally as long as there is a surviving obligor. The death of a joint obligor does not extinguish the obligation of the surviving obligor. As joint property goes to the surviving owner and not to the heirs or representatives of the deceased, so a joint obligation becomes that of the survivor. Joint liability is an entirety and a cause of action for breach of a joint contract does not survive against the representatives of a deceased joint contractor because of the nature of such contracts and of the mutual rights of joint contractors.

"In case of a joint contract, if one of the parties die, his executor or administrator is at law discharged from liability, and the survivor alone can be sued." 1 Chit. Pl. 58. "In the case of a joint contract, where several contract on the same part, if one of the parties die, his executor or administrator is at law discharged from all liability, and the survivor or survivors alone can be sued." 3 Williams on Executors, 1842. "If one

of several joint contractors dies, the survivors must be sued to the exclusion of the personal representatives of the deceased." 2 Chit. Contr. 1356. See also *Harrison* v. *Magoon,* 13 Haw. 339, 353. "The consequence of which" (survivorship of joint ownership) "is, that, where two or more persons are parties on the same side, and the promise by or to them is joint,—the ordinary case of a joint contract,—the death of one joint party transmits both his interest and his burdens, not to his administrator, but to his living fellow parties on the same side with himself. They may sue or be sued on it; but the administrator can neither be joined as a party with them, nor sue or be sued alone." Bish. Contr., Sec. 683.

*Ashbee* v. *Pidduck,* 1 M. & W. 564, was an action on a joint bond in which it was held that a release given by the obligee to the representative of one of the deceased obligors was not "a release to the surviving obligor, as on the death of one it survived to the others," and "no action could be maintained" against the executor.

The plaintiffs' claim, therefore, that even if their action had been brought within the two months required for actions against executors and administrators the executor could not have been held, must be sustained.

We see no merit in the defense that the plaintiffs by bringing the action against the executor and himself jointly are thereby precluded from taking judgment against himself as sole defendant on the theory that having made their election they must stand or fall upon it, or that there can be but one judgment on the pleadings for or against both defendants. "To seek a remedy against a wrong person does not deprive a plaintiff of his remedy against the right party." *Dumois* v. *New York,* 76 N. Y. Suppl. 161, 164. "If the suitor has in his first action mistaken his remedy and adopted a mode of redress incompatible with the facts of his case and is defeated on that ground he is still free to elect to proceed anew." 7 Enc. Pl. & Pr.

Smithies v. Colburn, 20 Haw. 138.

367, and see 15 Cyc. 262. "Whenever a defendant pleads matter which goes to his personal discharge, or any matter that does not go to the nature of the writ, or pleads or gives in evidence a matter which is a bar to the action against himself only, and of which the others could not take advantage, judgment must be for such defendant and against the rest." 11 Enc. Pl. & Pr. 850.

The plaintiffs' declaration upon a joint liability did not preclude them from recovering upon a several liability. It was not requisite to amend the pleadings or to discontinue and bring another action.

Judgment affirmed.

*R. P. Quarles* (*Atkinson & Quarles* on the brief) for plaintiffs.

*C. W. Ashford* for defendant.