KALANIANAOLE *v.* SMITHIES, TRUSTEE OF COCKETT.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF HAWAII.

No. 109. Argued December 20, 1912.—Decided January 6, 1913.

On a pure matter of form as to the parties in a suit coming here from a court of a Territory, and where the whole interest in a judgment sued upon was before that court, this court should not go behind the local practice.

A joint judgment ceases to be joint by the death of one of the parties.

Where the joinder of an executor of a party whose interest has ceased is simply a mistake, it is not reversible error.

20 Hawaii, 138, affirmed.

THE facts are stated in the opinion.

*Mr. C. W. Ashford,* for plaintiff in error, submitted.

*Mr. Ralph P. Quarles,* with whom *Mr. A. L. C. Atkinson* was on the brief, for defendants in error.

Memorandum opinion by direction of the court. By MR. JUSTICE HOLMES.

This is a suit on a deficiency judgment rendered upon foreclosure of the mortgage that was under consideration in *Kawananakoa* v. *Polyblank*, 205 U. S. 349. The judgment was in favor of Polyblank, Trustee, and Cockett, sole beneficiary, against Kawananakoa and the plaintiff in error, Kalanianaole. Before the present suit was begun the trustee resigned, Smithies was duly appointed successor in the trust and the former trustee assigned the judgment to him. Smithies and his beneficiary then brought this action against the plaintiff in error and the executor of Kawananakoa who had died. The executor demurred and had judgment. The plaintiff in error then answered, setting up the discharge of the executor and that the plaintiffs allowed the claim against the latter to be barred by time before bringing suit. The case was heard upon mutual admissions of the facts set up in the declaration and answer. In argument the plaintiff in error also objects that only the original judgment creditors could sue. Both objections were sufficiently answered in the court below. That as to the plaintiffs is pure matter of form, on which we should not go behind the local practice. The whole interest in the judgment was before the court. As to the second, the judgment was sued upon as a joint judgment, but it ceased to be joint by the death of one of the parties bound, as is the nature of joint obligations. *Edsar* v. *Smart*, T. Raym. 26; Y. B. 3 ed. 3, 11, pl. 37. See 2 Vernon, 99. The joinder of the executor was simply a mistake that did no harm. See *Bierce* v. *Hutchins*, 205 U. S. 340, 347.

*Judgment affirmed.*