## WONG TIN LOOK *v.* GOO WAN HOY.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.
HON. T. B. STUART, JUDGE.

ARGUED MARCH 25, 1915.                    DECIDED MAY 15, 1915.

ROBERTSON, C. J., QUARLES, J., AND CIRCUIT JUDGE ASHFORD
IN PLACE OF WATSON, J., DISQUALIFIED.

PRINCIPAL AND SURETY—*attachment bond—parties.*

    B. sued five defendants alleging them to be co-partners doing
business under the firm name of H. F. Co., in assumpsit, and sued
out an attachment; two of the defendants claiming to be the mem-
bers of the partnership, as principals, and L. and G. as sureties,
executed a bond for the release of property seized under the at-
tachment, stipulating to pay the judgment that plaintiff should
recover against "said defendants;" B. amended his complaint by
striking out, as defendants, the names of the three erroneously
sued as members of the co-partnership, and obtained judgment
against the remaining two defendants as co-partners under the
name of H. F. Co.; took out execution which was partially satisfied,
and then sued the principals and sureties on the performance
bond, when L. paid the balance due on the judgment, and brought
this suit against his co-surety for contribution:   Held, the amend-
ment of the complaint in the original action introduced no new
cause of action, did not increase the liability of the sureties, and
did not release them from liability on the bond.

SAME—*contribution—parties.*

    Where a surety pays the principal obligation, and sues his co-
surety for contribution, his principal is not a necessary or proper
party to the action.

#### OPINION OF THE COURT BY QUARLES, J.

January 14, 1913, J. J. Byrne, assignee of C. Q. Yee Hop
& Co., commenced an action of assumpsit against Lee Chan,
Young Chan, Lee Look, Lee Nan and L. C. Akana, alleging
them to be co-partners doing business under the firm name and
style of Hang Fong Company, and sued out a writ of attach-
ment which was, on said day, levied upon certain chattels belong-

ing to the partnership. January 15, 1913, the defendants, Lee Chan and Young Chan, doing business as co-partners under the name and style of Hang Fong Company, as principals, and Wong Tin Look, plaintiff here, and Goo Wan Hoy, defendant here, as sureties, to obtain the release of said attachment upon said chattels, executed a bond in words and figures as follows:

"This Bond given by Young Chan and Lee Chan, partners, doing business in Honolulu, City and County of Honolulu, Territory of Hawaii, under the name of Hang Fong Company, as principals, Goo Wan Hoy and Wong Tin Look as sureties, to J. J. Byrne, of the said Territory of Hawaii, Witnesseth:

"Whereas, in a suit, No. 7692, in the Circuit Court of the First Judicial Circuit, Territory of Hawaii, brought by J. J. Byrne, Plaintiff, against said principals and others, Defendants, a Writ of Attachment was issued, and

"Whereas, William Henry, High Sheriff of said Territory of Hawaii, has levied upon the goods, chattels and property of said Hang Fong Company and Young Chan under the said Writ of Attachment, and

"Whereas, said defendants, Hang Fong Company and Young Chan, desire to secure the discharge of said writ and the release of said goods, chattels and property from said levy, and said High Sheriff has agreed to release the same, upon the giving of this bond.

"Now, Therefore, said principals and sureties are hereby held and stand firmly bound under said J. J. Byrne, and their assigns, in the sum of Fourteen Hundred Dollars, the payment of which to said J. J. Byrne, and their assigns, said principals and sureties do hereby jointly and severally bind themselves and their respective heirs, executors and administrators.

"The Condition of this Bond is such that in case, said defendants in said suit shall perform the judgment of the court therein, this bond shall be void, otherwise to remain in full force and virtue.

"In Witness Whereof, said principals and sureties have hereunto set their hands and seals this 15th day of January, A. D. 1913.

(Sig.)         "HANG FONG CO.,

"By LEE CHAN.

"Approved
    (Sig.)       "WM. HENRY,
                 "High Sheriff."
         (Sig.)     "GOO WAN HOY,
                 "WONG TIN LOOK."

The defendants filed their joint answer, which was a general denial. Thereafter the plaintiff amended his complaint and voluntarily discontinued the action as to Lee Look, Lee Nan and L. C. Akana. The action was tried, and a judgment entered in favor of the plaintiff and against the defendants Lee Chan and Young Chan, co-partners doing business under the firm name and style of "Hang Fong Company," for the sum of $1,085.15, including costs. Upon said judgment an execution issued, certain chattels were sold, and the execution returned satisfied to the extent of $120.05, and unsatisfied as to the balance of $965.10. Thereafter, and on the 17th day of October, 1913, said plaintiff, Byrne, commenced an action upon the said bond against the principals and the two sureties who executed it; the principals answered and the sureties filed their joint demurrer to the said complaint upon the ground that it appeared upon the face of the said complaint that the judgment in the original action was against only two of the defendants sued as co-partners, by reason of which the sureties were released from all liability upon the said bond. Thereafter, and before trial of the last mentioned action, the surety, Wong Tin Look (the plaintiff here), paid the balance of said judgment, and the said action was thereupon discontinued. The plaintiff thereafter commenced this action against his co-surety to recover one-half of the amount paid upon said judgment, to secure which, said bond was given. To the complaint in this action the defendant answered, his answer being a general denial, the action was tried, and judgment rendered in favor of the defendant, the court deciding in his favor on the idea that the voluntary discontinuance of the original action against the three defendants mistakenly sued as members of the co-partnership

of Hang Fong Company, increased the liability of the sureties on the performance bond whereby they were released from liability on the bond.

Where one co-surety voluntarily pays the debt of his principal, to be entitled to contribution from his co-surety he must be prepared to show that the obligation was a legal and binding one. In case of a bond whereby the sureties undertake to pay, in a pending action, the judgment that may be rendered against the principal, a judgment against the principal fixes their liability, and they cannot go behind the judgment (*Wm. W. Bierce, Ltd., v. Waterhouse,* 219 U. S. 320; *Robinson v. Kaae,* ante, 403). But, where two sureties undertake that their principal shall perform the judgment of the court in a certain action, and a money judgment is rendered against the principal therein, one surety makes a *prima facie* case against his co-surety for contribution by showing that such judgment was rendered, that the principal did not perform it, and that he has performed it, and the burden is then upon the non-performing co-surety to show a defense, if any there be, to the action against him for contribution. In the case at bar the defendant relied, as a defense, solely upon the dismissal of the three defendants who were not members of the partnership of Hang Fong Company, at the request of the plaintiff in the original action. If the exceptions here are overruled (one is to the admission of certain evidence, one to the decision of the trial court, and the other to the judgment, the latter two on the ground that the decision and judgment are contrary to law and the evidence), it must be upon the ground that the amendment of the complaint in the original action by striking out thereof the names of Lee Look, Lee Nan and L. C. Akana as defendants, changed the obligation of the sureties, and released them from liability. It is unnecessary to discuss the first exception, and the last two raise only the one question.

We hold that the amendment of the complaint in the original

action by striking out the names of three persons sued as defendants under the mistake that they were members of the copartnership debtor, under the facts in this case, did not release the sureties on the performance bond from liability. The amendment introduced no new party, nor cause of action. A reading of the bond shows that it was recited therein that Lee Chan and Young Chan, co-partners doing business under the firm name of Hang Fong Company, are principals. The defendant then, when he signed the bond, knew the facts; knew that the co-partnership of Hang Fong Company was sued; knew that the members of that firm were Lee Chan and Young Chan; knew that the said principals desired to obtain a release of their attached property, and to enable them to do so, signed the performance bond herein set out in full. The sureties on that bond are considered, in law, as having executed it with full knowledge of the right of the plaintiff to have the original action dismissed as to the three defendants erroneously alleged to be members of the partnership, and as having contracted with a view of having such right exercised. The law, section 2371, R. L. 1915, expressly authorizes the amendment made. Suing persons who are not bound, with others who are bound, on an obligation does not defeat the right of recovery against those who are bound, and the dismissal of an action against one not bound does not preclude a recovery against defendants who are bound. *Smithies* v. *Colburn,* 20 Haw. 138; *Kalanianaole* v. *Smithies,* 226 U. S. 462. In the latter case the United States supreme court said: "The joinder of the executor was simply a mistake that did no harm. See *Bierce* v. *Hutchins,* 205 U. S. 340, 347." In the original action the plaintiff and defendant here were, as sureties, represented by their principals, and are bound by the judgment against their principals. The object of giving the bond, that is, the release of the property attached, was accomplished to the detriment of the plaintiff in the original action. No fraud or imposition was practiced upon the sureties.

The defense here is purely a technical one.  In executing the bond in question the defendant knew who the proper parties defendant to the action were, and who were not proper defendants, and is charged with knowledge that the action would be dismissed as to those improperly joined.  He was liable on the bond to the obligee therein named.  His co-surety, likewise bound, was rightfully entitled to discharge the whole obligation, when sued, and was not bound to litigate the same, and had the right to contribution from the defendant, who should not be permitted to escape that liability on the technical mistake made in the complaint in the original case, especially when the recitals in his bond show that he knew the facts and was not misled by any statement in that pleading.  These views are sustained by the following authorities: *Robinson* v. *Kaae,* ante 403; *Wm. W. Bierce, Ltd.,* v. *Waterhouse,* 219 U. S. 320; *Heynemann* v. *Eder,* 17 Cal. 433; *Hood* v. *Mathis,* 21 Mo. 308; *Ball* v. *Claflin,* 5 Pick 304; *Lord* v. *Clark,* 14 Pick. 223; *Smith* v. *Brown,* 14 N. H. 67; *Sharpe* v. *Morgan,* 144 Ill. 390; *Salomon* v. *Buehler,* 129 Ill. App. 178; *Poole* v. *Dyer,* 123 Mass. · 363; *Newell* v. *Norton,* 3 Wall. 257; *Waldrop* v. *Wolff,* 114 Ga. 610, 40 S. E. 830; *Gilmore* v. *Crowell,* 67 Barb. 62.

Considering the object and design of the statute permitting the defendant whose property is attached to have the attachment released upon giving, with sureties, a performance bond, to pay the judgment that may be rendered in the action, the intent of the statute, and the intent of the obligors in giving the bond, the undertaking of the sureties fairly covers any judgment that may be rendered against any of the defendants in the action upon the cause of action therein sued upon, notwithstanding that by amendment the names of some defendants have been stricken.  We regard the cases of *Gilmore* v. *Crowell,* supra; *Salomon* v. *Buehler,* supra, and *Poole* v. *Dyer,* supra, as practically on all fours with the case at bar.  We therefore hold that the amendment of the complaint by striking out the names

of the three persons erroneously sued as members of the debtor partnership did not release the sureties on the bond. The bond was given in lieu of the security of the attached property, and the plaintiff creditor was entitled to look to it as security for his judgment, afterwards obtained, on the cause of action sued on.

The trial court was of the opinion that all of the parties to the bond should have been made parties to this action. We do not think so. Section 2374, R. L. 1915, provides that in suits upon promissory notes, agreements and other instruments therein named, all joint obligors shall be joined *"in suing for nonpayment, nonacceptance, or nonfulfilment thereof."* This action was not upon the bond, but upon the obligation of the defendant to reimburse the plaintiff, *pro tanto,* by way of contribution, resting upon the old equitable rule, since crystalized into law, which makes a nonpaying surety liable to his paying co-surety for a proportionate part, hence the statute cited does not apply. The plaintiff could not join his principals with his co-surety, as defendants, in this action for contribution. 32 Cyc. 299; 16 Enc. Pl. & Pr. 961. We think the exceptions should be sustained.

As this cause depends upon a question of law, herein decided in favor of the plaintiff and against the defendant, and nothing remains except to enter a proper judgment, the cause is remanded to the circuit court with instructions to enter judgment in favor of the plaintiff and against the defendant for one-half of the amount shown to have been paid by the plaintiff upon the judgment in the original attachment action, with costs. Costs of appeal awarded to the plaintiff.

Exceptions sustained.

*W. B. Lymer* for plaintiff.

*J. Lightfoot* for defendant.

Wong Tin Look v. Goo Wan Hoy, 22 Haw. 540.

CONCURRING OPINION OF CIRCUIT JUDGE ASHFORD.

There are but two questions presented for decision in this case, they being (1) Whether there was a defect of parties, for the non-inclusion of certain of the signatory parties to the bond given for the release of the attached property; and (2) Whether the sureties upon that bond were released by the voluntary discontinuance of the action, without the consent of the sureties, as to three of the five original defendants,—the action having proceeded to judgment against two only of those defendants. A subsidiary question, which is really involved in the last above stated, is whether the trial court erred in permitting the defendant to testify, over objection, that he relied, in becoming a surety, upon the financial responsibility of two of the defendants against whom the suit was discontinued.

I concur fully in the view stated in the majority opinion that there was no defect of parties, and for the reasons therein given.

As to the second question, there is a great diversity of opinion among American courts, with abundance of authority to sustain a decision either way. And if the question were here squarely presented to the court, and necessary to be decided, I incline to the opinion that my vote would be cast in favor of the exoneration of the sureties, because of the voluntary discontinuance of the action, by the plaintiff, as against certain of the defendants, upon whose financial standing, as above, defendant claims to have relied at the time of the signing of the bond. In a case such as would then be presented, it would be competent and necessary for this court to make a choice between the conflicting authorities. But, as I view the matter, the necessity of so choosing has been obviated by the text of the performance bond signed by the sureties. In and by that bond, the defendants, Young Chan and Lee Chan (against whom the judgment was rendered), are described as "partners doing business * * * under the name of Hang Fong Company." The other three

defendants are not named in the bond, and are not parties thereto. I regard the language above quoted as being the equivalent of a recital that the defendants Young Chan and Lee Chan were then the only partners in, and members of, the firm of Hang Fong Company. Such a recital, so voluntarily made and signed by the sureties, should estop them, in the view which I take of the matter, from now claiming that in signing the bond, they relied upon the financial responsibility of the other three defendants as against whom the suit was discontinued, or any of them. The same bond also describes the property seized, and the release of which the bond was given to effect, as being the property of the partnership; and the final judgment passed against the partnership, and the two individuals of which it was composed. This view also disposes of the subsidiary question above suggested. The admission of evidence in derogation of the recitals of the bond, should, I think, have been refused by the trial court. But although the evidence so tendered was received by the trial court, yet it is fair to that court to state that, in its written decision, a statement appears that the court does not rely upon that evidence in determining the case. It might well be suggested that, if the evidence referred to was not relied upon, there was not enough left to support the decision. 'See *Andre* v. *Fitzhugh,* 18 Mich. 93.

I do not, however, regard the decision in *Bierce* v. *Waterhouse,* 219 U. S. 320, 55 Law Ed. 237, as being either decisive of this case, or as having decided any point which is here involved. The point, in respect to which my associates appear to rely upon that case, is, that an amendment of an original pleading, if it states no new cause of action, does not release the sureties upon a replevin or attachment bond given in the cause. But an attentive reading of the opinion persuades me that the federal supreme court did not so undertake to, and did not in fact, so decide in that case. It merely emphasized the fact that the point, as there made, was already *res judicata,* as having

been decided against the surety upon the replevin bond there involved, in an earlier action wherein said surety had been represented by his principal, namely, in *Bierce* v. *Hutchins,* 18 Haw. 511.

While I concur in the judgment, I feel that the decision should be restricted to the two points herein discussed, namely, the alleged defect of parties, and the estoppel of the defendant to deny the legal and reasonable effect of the recitals in the bond signed by him. Those recitals make it manifest that the defendant did not, in fact, rely upon the financial responsibility of any of the defendants in the attachment suit other than the two against whom the judgment was rendered, and that he suffered no prejudice from the discontinuance of that action as to the remaining three defendants.

Believing that it is unnecessary, in this case, to decide the point, I feel that this court should not now undertake to decide, whether or not the discontinuance of an action as to one or more defendants, done without the consent of the sureties upon an attachment bond given in such action, should be held to operate as a release and exoneration of such sureties, in any event, and without regard to questions of estoppel which, in my judgment, are decisive of the present case.