HARRY T. ARNOLD *v.* ·GILLSON D. BELL, DE-FENDANT; JAMES BICKNELL, AUDITOR OF THE CITY AND COUNTY OF HONOLULU, TERRITORY OF HAWAII, GARNISHEE.·

## No. 1497.

· · EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT.
HON. J. J. BANKS, JUDGE.

ARGUED DECEMBER 12, 1923.        DECIDED DECEMBER 19, 1923.

PERRY AND LINDSAY, JJ., AND CIRCUIT JUDGE ANDRADE IN PLACE OF PETERS, C. J., DISQUALIFIED.

JUDGMENTS—*identity of parties.* ·

A judgment was obtained by A against B in a California court. Upon an action brought here by A against B, *held* that the identity of the names of the parties was *prima facie* evidence of the identity of the persons.

SAME—*assignment of part of.*

A judgment creditor cannot, without the assent of the judgment debtor, assign a part of the judgment so that such assignment may be enforced at law, and such partial assignment does not change the legal title to the judgment.

SAME—*action on by assignor of part of.*

Where a judgment debtor refuses to consent to a partial assignment of the judgment, the original judgment creditor may maintain an action at law for the whole amount of the judgment.

JURISDICTION—*foreign judgment.*

Where in a certified copy of a·judgment rendered in a California court it is recited that the parties appeared in that court through their respective attorneys and that evidence was produced on behalf of both of said parties, *held* a sufficient showing of jurisdiction of the California court was made.

OPINION OF THE COURT BY LINDSAY, J.

Harry T. Arnold and Charles L. Brown as plaintiffs brought an action on a judgment previously recovered

by the plaintiff Arnold against defendant in a California court, the complaint alleging that Arnold had assigned to the plaintiff Brown a part interest in said judgment and that defendant had been duly notified by Arnold of such assignment. Attached to the complaint and made a part thereof was a copy of the judgment sued upon, also a copy of the assignment. A demurrer to the complaint, interposed by defendant, was overruled, whereupon defendant filed a general denial. At the trial, which was had before the circuit court, jury waived, plaintiffs offered in evidence a certified copy of the judgment sued upon, attached to which was a certified copy of the partial assignment by Arnold to Brown. Evidence was then given on behalf of plaintiffs to show that the legal rate of interest on judgments in California is at the rate of 7%, after which plaintiffs rested. Defendant moved for a nonsuit on the ground that plaintiffs had failed to sustain the allegations of their complaint, in that the copy of the assignment, although attached to the judgment, was not in evidence. Counsel for plaintiffs admitted that, in making the offer of the judgment, he had referred to that document alone, and asked leave to reopen the case for the purpose of admitting the assignment. Leave being granted, plaintiffs offered a certified copy of the assignment in evidence which offer was objected to by defendant and the objection overruled. Plaintiffs then rested.

Defendant then moved for a nonsuit upon the following grounds: "Upon the ground that it has not been shown that there is any right, title or interest in and to this judgment in the plaintiff Harry T. Arnold, or in the plaintiff, Charles L. Brown, or either of them; upon the ground there is a fatal variance between the allegations in the complaint and the evidence introduced in this cause; upon the ground that the complaint itself

does not state facts sufficient to constitute a cause of action; upon the ground there has been an absolute failure of proof in regard to the purported assignment, which is set forth in plaintiffs' complaint; upon the ground it affirmatively appears from the evidence that there has been a misjoinder of parties plaintiff." Before the court ruled on the motion for nonsuit, counsel for plaintiffs asked leave to withdraw the assignment of a part interest in the judgment, or rather, to quote counsel, he "consents to the ruling of the court refusing to admit that in evidence." Counsel for plaintiffs then moved for leave to amend the complaint in the following respects: By striking therefrom the name of Brown as one of the parties plaintiff; by striking from the complaint the allegation that an interest in the judgment had been assigned to Brown; by striking from the complaint the allegation that defendant had been notified by Arnold of the assignment; by striking the name of Brown as plaintiff appended at the conclusion of the complaint; by striking from the complaint the copy of the assignment annexed thereto as an exhibit. These amendments were allowed over the objection of defendant. Defendant then renewed his motion for a nonsuit on the grounds previously urged. The motion was denied. Counsel for defendant then offered in evidence the copy of the assignment by Arnold to Brown. On the objection of plaintiff the court refused to admit this in evidence. Defendant then rested and the trial court rendered judgment in favor of the plaintiff Arnold for the amount prayed for.

Defendant has brought the case here on exceptions in support of which he relies in his brief on the following grounds for a reversal of the judgment rendered in the court below: (1) The amendment substituting Arnold as the sole party plaintiff was not such as the trial court

could allow under the terms of the statute relating to the amendment of pleadings; (2) no action could be maintained by Arnold in a court of law on the judgment recovered by Arnold against Bell in the California court; (3) the evidence was insufficient to support the judgment of the trial court inasmuch as no evidence was adduced as to the identity of the parties in this action with those in the case in the California court, or that that court had jurisdiction to enter judgment.

The latter contention is of no merit, for the names of the parties afforded sufficient *prima facie* identification (*Green* v. *Heritage,* 43 Atl. (N. J.) 698; *Thompson* v. *Manrow,* 1 Cal. 428).; and from the certified copy of the judgment of the California court it clearly appears that that court had jurisdiction, for the judgment recites the appearance of the parties through their respective counsel and the production of evidence on behalf of both of the parties.

The main question presented is whether the plaintiff Arnold, under the facts and circumstances of this case, may maintain an action against the judgment debtor in a court of law for the recovery of the whole of the judgment debt.

At common law a chose in action could not be assigned so as to enable the assignee to maintain an action thereon. Under section 2372, R. L. 1915, however, the assignee of a non-negotiable chose in action, assigned in writing, may maintain an action in his own name, and, as this court has held in *Smithies* v. *Colburn,* 20 Haw. 138, a judgment is assignable. But, although under the provisions of the statute, the whole of a judgment may be assigned, the authorities are practically uniform in holding that a *part* of a judgment cannot be assigned without the consent of the judgment debtor. The rule is thus expressed in 17 A. & E. Ency. L., at page 874: "It is the

general rule that a judgment creditor cannot, without the consent of the judgment debtor, assign a part of the judgment so that such assignment may be enforced at law, and such partial assignment will not change the legal title to the judgment. Thus the assignee cannot obtain a separate process to revive or enforce payment of the part assigned; the process must follow the judgment and be for the benefit of all persons interested, any one of whom may use the name of the legal plaintiff for that purpose without the consent of the latter. The reason of the rule is that it would be unfair to allow the judgment debtor to be subjected, against his will, to the harassment and annoyance of separate proceedings by different owners to collect a debt which is an entirety." The rule is thus expressed in Freeman on Judgments, section '424: "Judgments, like other choses in action, cannot be assigned in part without the assent of the debtors, for the reason that entire demands cannot, against their objection, be split for the purpose of annoying defendants." See also Black on Judgments, Vol. 2, Sec. 944, where that author expresses the rule thus: "Where one joint owner of a decree executes an instrument transferring to a third person a part of his interest therein, the legal title and right to control the decree is not thereby changed, nor does the assignee become a partner in the decree." In the case of *Exchange Bank* v. *McLoon*, 73 Me. 498, the court in discussing this question said at page 504:

"It is universally admitted, at the present day, that *the whole* of a chose in action may be assigned, and the assignment be binding upon the debtor. That is but an equitable assignment, unknown to the ancient common law, but such as the later common law takes notice of and protects, allowing the assignee to use the legal remedies in the name of the assignor. But courts of law, not, as such, exercising equitable jurisdiction, do not protect

or recognize an assignment of a part only of an entire demand. At law, a partial assignment may be good between the parties, and, if the assignor collects the money, he would in such case hold it as the trustee of the assignee. But the assignee has no legal remedy against the debtor who does not become a party to the arrangement. The reason for the legal doctrine is obvious. The law permits the transfer of an entire cause of action from one person to another, because in such case the only inconvenience is the substitution of one creditor for another. But if assigned in fragments, the debtor has to deal with a plurality of creditors. If his liability can be legally divided at all without his consent, it can be divided and subdivided indefinitely. He would have the risk of ascertaining the relative shares and rights of the substituted creditors. He would have, instead of a single contract, a number of contracts to perform. A partial assignment would impose upon him burdens which his contract does not compel him to bear."

In Missouri the courts hold that, since a portion of a judgment is incapable of being assigned without the consent of the debtor, an assignee of a part of a judgment cannot recover from the debtor on the portion of the judgment assigned, either at law or in equity, and that the original judgment creditor may effect a compromise with the judgment debtor. See *Burnett* v. *Crandall,* 63 Mo. 410. In other words, according to the rule enunciated by the foregoing authorities, where the original judgment creditor has assigned a part interest in the judgment to a third person the assignee takes merely an equitable interest, the legal title to the judgment remaining in the assignor. Such being the case, upon principle it would seem that the only person capable of maintaining an action in a court of law on the judgment would be the holder of the legal title. In the case of *Thiel* v. *John Week Lumber Co.,* 137 Wis. 272, the court, in allowing an action to be maintained for the

whole debt by an assignor of a part thereof, said on page 276: "The debt could not be split up by the creditor against the debtor's consent, even by formal assignments, because the debtor had the right to pay its debt *in solido* and to refuse to be subjected to claims or suits by various claimants. In the present case the debtor did so refuse, and could at any time have discharged its debt to the plaintiff by paying him the whole sum due, without regard to the rejected orders or liability to their holders. *Skobis* v. *Ferge*, 102 Wis. 122, 132, 78 N. W. 426. Hence it seems clear that, the defendant having refused to consent to partial assignments of the debt, the creditor could unquestionably maintain his action to recover the entire debt. Otherwise a situation would be presented where nobody could recover it." To hold, however, that the legal title to the whole of a judgment remains in the original judgment creditor even after he has assigned a part interest therein is not to say that the assignee may not, in a proper case, resort to the courts for aid in the enforcement of his equitable interest when it appears that such interest is being denied, for, notwithstanding the harsh rule enunciated in *Burnett* v. *Crandall, supra,* by the weight of authority, an assignee of a part of a judgment may in certain cases enforce his interest in equity. See *Railway* v. *Volkert et al.,* 58 Ohio St. 362, where that court said: "This right is not enforceable in a suit at law at the instance of the assignee against the judgment debtor only, but may be enforced in equity." Or as expressed in *Grain* v. *Aldrich,* 38 Cal. 514: "An assignment of part only of an entire demand is void at law, unless done with the consent of the debtor; but such an assignment is valid in equity without the consent of the debtor.".

In the present case the contention of defendant is that the plaintiff Arnold having assigned a part interest

in the judgment to Brown, he should not be allowed to recover from defendant the whole of the judgment, for, in that event, defendant might be compelled, should Brown hereafter bring an action in equity, to pay Brown a part of the judgment. In other words, defendant fears that he may be subjected to a multiplicity of suits over the one judgment. Defendant does not deny his liability to some one on the judgment, his sole fear being that he may be compelled to pay more than he legally owes. An examination of the situation shows that these fears are more fanciful than real. From the authorities we have cited it is clear that the defendant might have consented to the partial assignment of the judgment, in which case, it is not to be doubted that the assignee might have joined with the original judgment creditor in an action at law for the recovery of the judgment debt. "If the judgment debtor assents, the assignee may sue." *Thomas* v. *Rock Island G. & S. M. Co.,* 54 Cal. 578.

If to the suit instituted by Arnold and Brown defendant had not demurred but had let the case go to trial on its merits, such conduct on defendant's part would have amounted to a consent to the assignment and a judgment recovered by Arnold and Brown would have put an end to any possibility of a further claim by Brown against defendant. It is true that defendant, having been notified of the assignment to Brown, would, perhaps, in the absence of further circumstances, not have been justified in settling with Arnold alone for the whole amount of the judgment, unless it appeared that Brown consented to such settlement. If, however, it were apparent that the settlement with Arnold was not only with the knowledge and consent of Brown but was made with his active connivance and participation, a different case would be presented. In the present case the facts disclose that Arnold and Brown were not

attempting to harass defendant by the institution of separate suits but, on the contrary, they had joined forces and were attempting in a single action to collect the judgment from defendant, employing the same attorneys and joining as parties plaintiff to the action. Upon the objection of defendant to Brown's joining as a party plaintiff, Brown discontinued as to himself and, in effect, stood by urging that defendant was in duty bound to pay the whole of the judgment owing to Arnold and that Arnold was entitled to be paid the full amount thereof. A portion of the judgment recovered by Arnold under such circumstances would be held by him as trustee for Brown, and it is not to be assumed that Arnold would thereafter have refused to pay over to Brown his share thereof, but, be that as it may, under the facts and circumstanes of this case it is clear that Brown would not thereafter in a court of equity be allowed to say that he still had a claim against defendant and that defendant had wrongfully and to the detriment of Brown settled with Arnold for the full amount of the judgment. We can conceive of no court of equity lending its aid to such an iniquitous claim. Such being the case and it appearing that a judgment in favor of Arnold would be a bar to the further harassment of defendant upon this claim, we are of the opinion that the trial court properly allowed the amendment substituting Arnold as sole party plaintiff and rendering judgment in his favor.

The exceptions are overruled.

*Marguerite K. Ashford* (*Thompson, Cathcart & Ulrich* with her on the brief) for plaintiff.

*F. Patterson* (also on the briefs) for defendant.